Clarence C. WAGNER, Plaintiff,

v.

TOWNSHIP OF HARMAR; L. Melody Domaratz, individually and as Zoning Officer of the Township of Harmar; Edwin J. Martin, individually and as the Solicitor for the Township of Harmar, Harmar Township Board of Supervisors; the Estate of Charles E. Manning, individually and in his representative capacity; John B. Colpo, individually and in his representative capacity; Joseph Walkiewicz, individually and in his representative capacity; Frederick Domaratz, individually and in his representative capacity; Barbara Adams, individually and in her representative capacity, as a member of the Zoning Board of Harmar Township, Defendants.

Civ. A. No. 86–1428.

United States District Court, W.D. Pennsylvania.

Jan. 21, 1987.

Mark Aronson, Bruce Gelman, Pittsburgh, Pa., for plaintiff.

Arthur J. Murphy, Jr., Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

Plaintiff leased residential property that previously had been re-zoned for industrial use. Hoping to put a mobile home on the property, he applied for a building permit, but his application was denied on May 1, 1983. Plaintiff appealed and a public hearing was held. On June 28, 1983, plaintiff was granted a variance. This decision by the Board was appealed by the Township of Harmar through the actions of the individual defendants and the issue of plaintiff's standing was raised. The standing issue was resolved by the state court in plaintiff's favor. Defendants appealed the decision again. Judge Richard G. Zeleznik of the Court of Common Pleas of Allegheny County dismissed the appeal and affirmed the Board's decision to grant plaintiff a variance. Plaintiff brings this civil action alleging discriminatory enforcement of a zoning ordinance in violation of 42 U.S.C. § 1983, § 1985 and § 1986, as well as the Fifth and Fourteenth Amendments of the Constitution.

The original complaint alleged that defendants engaged in a continuing conspiracy to violate plaintiff's rights by denying plaintiff's application for a building permit, by appealing the decision to grant a variance twice and by raising the issue of standing. Plaintiff further alleged that he was discriminated against, denied equal protection of the laws and deprived of his property without just compensation as the result of defendants' deviating from their past practices of law enforcement of ordinances, not raising the issue of standing and liberally granting building permits and variances.

Defendants filed a motion to dismiss for failure to allege sufficient facts to state a cause of action under the Civil Rights Act, failure to allege any constitutional violation with sufficient specificity, failure to allege a civil conspiracy with sufficient factual specificity and on grounds that plaintiff's cause of action is barred by the applicable two-year statute of limitations. In a prior opinion, we found that plaintiff failed to allege facts in his complaint with sufficient specificity to support his claims for relief or his theory of continuing conspiracy, which must be shown to prevent this suit from being barred by the statute of limitations. We ordered plaintiff to amend his complaint within twenty days to set forth a

cause of action with specificity or suffer dismissal. *Clarence C. Wagner v. Township of Harmar, et al.*, No. 86–1428 (W.D. Filed October 9, 1986).

Plaintiff's amended complaint sets forth a list of specific instances where similarly situated individuals were granted building permits and variances and their standing was never challenged, contrary to the way defendants enforced the zoning ordinance against plaintiff. All of the examples listed by plaintiff, however, occurred at least four years prior to plaintiff's application being denied. It may be that the township had begun a more rigorous enforcement policy after experiencing the effects of being lax for too long. The character of the area may have changed during those four years, necessitating more strict enforcement or possibly, a new board of officers had come into office with new ideas since the period of lax enforcement of ordinances.

■ "[I]n any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). "The Constitution does not require states to enforce their laws (or cities their ordinances) with Prussian thoroughness as the price of being allowed to enforce them at all." *Hameetman v. City of Chicago*, 776 F.2d 636, 641 (7th Cir.1985). Showing that the zoning ordinance was not strictly enforced four years before plaintiff applied for a building permit, without more, does not establish a deprivation of rights, privileges, or immunities, which must be shown in a § 1983 cause of action.

In order to establish a § 1985(3) violation, "plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Brotherhood of Carpenters & Joiners of America, Local 610, AFL–CIO, et al. v. Scott et al.*, 463 U.S. 825, 828–829, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983).

■ "Enforcement of an otherwise valid zoning ordinance violates the Constitution only if: (1) the decision of the particular zoning body is arbitrary or (2) if the ordinance is applied or enforced with a discriminatory intent or purpose." *Scudder v. Greendale*, 704 F.2d 999, 1002 (7th Cir.1983). Plaintiff has not suggested any reason why he may have been singled out for different treatment, nor has he shown that at the time he applied for a building permit, he was in fact treated differently. Without such a showing, he cannot move forward with his § 1985(3) claim. "There must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Discriminatory purpose is not presumed; intentional discrimination must be clearly shown. *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir.1985); *Snowden v. Hughes*, 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1941).

Accepting plaintiff's allegations as true, as we must, we find that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984). Plaintiff has attempted to raise the normal operation of a zoning system to a constitutional level. The federal courts will not sit as a zoning review board and where no constitutionally prohibited deprivation of property has occurred, challenges to the township's action are the province of the state courts. *Hynes v. Pasco County,*

*Florida,* 801 F.2d 1269, 1270 (11th Cir. 1986).

Plaintiff has failed to allege facts to set forth a cause of action, as he was ordered by this court to do on October 9, 1986, and therefore, he must suffer dismissal. We hold that plaintiff's claims are without merit and accordingly, shall grant defendant's motion to dismiss.

A written order shall follow.