**W.D.D., INC.**

v.

**THORNBURY TOWNSHIP, CHESTER COUNTY and Copeland, John G., Jr., Appellants.**

No. 87–1382.

United States Court of Appeals, Third Circuit.

Argued Dec. 8, 1987.

Decided Feb. 8, 1988.

**152**

Maria Zulick (argued), Robert G. Hanna, Jr., Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, Pa., for appellants.

Louis J. Colagreco, Jr. (argued), Thomas A. Riley, Jr., Riley Law Associates, Ltd., Paoli, Pa., for appellee.

Before GREENBERG, SCIRICA, and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

This is an action under 42 U.S.C. § 1983. Appellee W.D.D., Inc. ("WDD") alleged that its civil rights were violated in connection with certain land use restrictions imposed by a municipality. Appellants Thornbury Township and John G. Copeland, Jr. appeal the denial of their motion for reconsideration of the denial of summary judgment in their favor. For reasons stated below, we will dismiss the Township's appeal for lack of appellate jurisdiction, and reverse the denial of summary judgment with regard to appellant Copeland.

## I. BACKGROUND

This dispute arose over a proposed subdivision of WDD's 164-acre tract of land located in Thornbury Township, and appellant Copeland's consistent opposition to that proposal. On October 7, 1985, WDD submitted to the Thornbury Township Board of Supervisors ("the Board"), as well as to the Township's Planning Commission ("the Commission"), a preliminary subdivision plan. At that time, the members of the Board were Wayne Gersen, Ben Johnson and Theodore Pauley. Copeland was then a member of the Commission; he did not take office as a Supervisor until January 6, 1986, at which time he replaced Supervisor Gersen.

The Commission, a strictly advisory board, reviewed WDD's plan, and prepared a report which outlined numerous deficiencies and recommended disapproval by the Board. The report was signed by all members of the Commission, including Copeland, who was then its Chairman. The Board of Supervisors then reviewed the preliminary plan and on December 19, 1985, recommended that certain changes be made. WDD consequently revised the plan to incorporate the Board's recommendations.

On December 30, 1985, WDD appeared at a public meeting of the Board with the modified plan. Supervisors Pauley and Johnson expressed support for the modified plan, and Supervisor Gersen reserved comment because he was soon to leave office. The Board suggested that WDD apply to the Thornbury Township Zoning Hearing Board for variances required due to the modified plan's non-conformance with the township's land development ordinances. WDD filed such an application on January 9, 1986.

The Zoning Hearing Board held a hearing on the WDD application on February 20, 1986. Supervisors Pauley and Johnson testified in support of the application. Supervisor Copeland appeared through counsel at the hearing, and opposed the application. Copeland's counsel stated that he was appearing for Copeland as an individual resident. The Zoning Hearing Board granted the application on April 3, 1986, notwithstanding Copeland's opposition. Several weeks later, on May 5, 1986, Irl and Lois Duling, property owners in Thornbury, filed an appeal from the decision of the Zoning Hearing Board with the Chester County Court of Common Pleas.

On April 22, 1986, Copeland sent a letter to WDD advising that the Board had not approved the plan. At that time however, the Board had not yet taken any formal action at a public meeting with respect to the plan. The Board's formal action did not come until it held a special meeting on May 21, 1986. At that meeting the Board voted, pursuant to 53 P.S. § 10908(3), to intervene in the Duling's appeal of the Zoning Hearing Board's grant of variances. The Board also at that meeting formally voted to deny the subdivision plan. Both decisions were passed by a 2–1 vote, with Supervisors Copeland and John C. Budzinski[1] in the majority, and Supervisor Pauley, who had consistently supported WDD, dissenting.

The day after the meeting, WDD commenced an action in the Court of Common Pleas, seeking to force the Township to approve its original plan. On June 13, 1986, the court decided that because the township had not acted on the plan within the time prescribed by 53 P.S. § 10508, the Board must "approve [the original] plan in terms as submitted." Appendix at 270.

While the dispute between WDD and the township continued to wind its way through the state courts for another year after this ruling,[2] it was at this point that the instant matter entered the federal court. WDD filed a complaint in state court against the Township and Copeland, alleging violations of 42 U.S.C. § 1983, on June 18, 1986; the defendants then removed the case to the District Court, and later moved for summary judgment. The motion was denied as to both defendants on March 19, 1987.

Following the denial of the motion, the defendants filed both a motion for reconsideration in the District Court on March 30, 1987, and a notice of appeal to this court on April 10, 1987. Apparently because the appellants had different trial and appellate counsel, neither court was aware of the fact that both proceedings were pending at the same time. This court dismissed the appeal on May 13, 1987. Appellants sought a clarification of the dismissal of the appeal, and on May 28, 1987, this court announced that it had dismissed the appeal because there was a factual issue remaining as to Copeland's immunity from suit. Appendix at 427. Thereafter, the District Court denied the motion for reconsideration on June 23, 1987. This appeal of the denial of reconsideration followed.

## II. APPEAL OF THORNBURY TOWNSHIP

Generally, 28 U.S.C. § 1291 does not give this court jurisdiction to consider the denial of a motion for summary judgment. *Metex Corp. v. ACS Industries, Inc.,* 748 F.2d 150, 153 (3d Cir.1984); *Forsyth v. Kleindienst,* 599 F.2d 1203, 1207 (3d Cir.1979), *cert. denied sub nom. Mitchell v. Forsyth,* 453 U.S. 913, 101 S.Ct. 3147, 69 L.Ed.2d 997 (1981). As discussed below in Part III, there is an exception to this rule when the appeal centers on the denial of a claim of immunity. Appellant Thornbury Township, however, does not claim immunity from suit. Its entire argument, both in the District Court and on appeal to this court, is that under the applicable law of § 1983 claims it is entitled to summary

**1.** Budzinski had replaced Johnson as a Supervisor on May 15, 1986. After earlier opposing WDD before the Zoning Hearing Board, Budzinski was nominated as Johnson's replacement by Supervisor Copeland.

**2.** Following the ruling of June 13, 1986, WDD submitted a final subdivision plan to the Township on July 7, 1986. The plan was considered at a Board meeting on September 8, 1986, at which WDD and Supervisor Pauley both requested Copeland not to vote in the matter. Copeland refused. By letter of September 15, 1986, the Board notified WDD that its plan had been approved, subject to thirty-eight conditions. WDD, contending that these conditions were so onerous as to constitute a denial of the plan, appealed the decision to the Chester County Court of Common Pleas. On July 13, 1987, the court, sitting en banc, decided that Copeland should not have voted, and that his behavior throughout the entire affair had been "uniquely egregious." The court therefore disqualified Copeland from further participation, and remanded to the Board for another vote on the plan. The parties have not informed this court of any further proceedings in this underlying matter.

judgment.[3] Since there has been no final judgment in this case, and since the township does not raise a claim of immunity, this court has no jurisdiction to decide whether the District Court properly denied the motion to reconsider its denial of summary judgment.

## III. APPEAL OF SUPERVISOR COPELAND

■ Unlike WDD, appellant Copeland does raise an issue which is appealable at this point. Pursuant to 28 U.S.C. § 1291, a party may appeal to this court before the entry of a final judgment if the District Court has made a "collateral order" which is effectively a final determination of the party's rights on a particular issue. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). Under this collateral order doctrine, a public official claiming qualified immunity from suit may appeal a denial of summary judgment, where there are no disputes of fact material to the official's qualified immunity claim. *Mitchell v. Forsyth*, 472 U.S. 511, 524–30, 105 S.Ct. 2806, 2815–17, 86 L.Ed.2d 411 (1985); *Chinchello v. Fenton*, 805 F.2d 126, 129 (3d Cir.1986). The sole issue that may be raised on appeal in such a case is whether the official's conduct violated a legal norm which was clearly established at the time of the allegedly illegal conduct; this is a "purely legal" question, and this court has plenary review. *Mitchell*, 472 U.S. at 528 & n. 9, 105 S.Ct. at 2816–17 & n. 9; *Chinchello*, 805 F.2d at 130–31.

■ The question for this court, then, is whether Copeland violated any right of WDD's which was clearly established at the time of the alleged violation. Review of this question in this court must begin with an identification of the right which WDD claims was violated by Copeland, and whether that right was clearly established at the time of the acts at issue. If WDD had no clearly established right, then Copeland is immune from suit and is entitled to summary judgment. If there was a clearly established right, the next question is whether Copeland in fact violated WDD's rights and whether Copeland "knew or reasonably should have known that the action he took within the sphere of official responsibility would violate the constitutional rights of the plaintiff, or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." *Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975).

Because WDD does not effectively allege any connection between Copeland's actions and the violation of any clearly established right, this court will reverse and remand for an entry of summary judgment in favor of Copeland; there seems to be no need to resolve the second question described above by having a full trial.[4] WDD alleges that Copeland used his position as Supervisor of Thornbury Township to intimidate, harass, and conspire with other township officials to deprive WDD of its constitutional right to have its plans heard by a fair and impartial tribunal. Appellants argue, conversely, that since Supervisor Copeland was authorized to vote on land develop-

---

**3.** As a municipal corporation, the Township, of course, cannot make a claim of immunity under the law governing § 1983 suits. *See Owen v. City of Independence*, 445 U.S. 622, 635, 100 S.Ct. 1398, 1407, 63 L.Ed.2d 673 (1980). This court recently decided that that rule was not affected by the Supreme Court's decision in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). *See Hynson By and Through Hynson v. City of Chester*, 827 F.2d 932, 934 (3d Cir.1987), *cert. denied sub nom. Delaware Cty. Prison Bd. v. Hynson*, — U.S. ——, 108 S.Ct. 702, 98 L.Ed.2d 653 (1988). Thus, even if Thornbury Township did claim immunity, this court would have to affirm the denial of the motion for reconsideration, and the result

would be the same: the Township could not avoid further proceedings in this case.

**4.** It is this latter question which the prior appellate decision in this case addressed. We do not now suggest any disagreement with the prior panel's dismissal of the appeal of the District Court's decision that there are genuine issues of material fact as to Copeland's state of mind when he acted with respect to WDD's subdivision plan. We merely note that it is unnecessary to decide the question, because WDD has not alleged any clearly established right that could have been violated by Copeland's actions.

ment proposals, his opposition to WDD's land development plan was a proper exercise of his discretion.

 The question comes down to the nature of WDD's right to receive a hearing before a "fair and impartial tribunal." WDD is quite correct in contending that it does have such a right. However, its later contention, that a tribunal with a member "personally interested" is not impartial, is irrelevant because WDD makes no claim whatsoever that Copeland is or was personally interested. At the most it claims that Copeland was "strongly opposed" to WDD's plan, but it makes no allegation that this opposition was due to personal interest. For all that WDD has told the court, Copeland may simply be strongly opposed to the plan because he believes it not to be in the township's best interests. Opposition to a plan by a Board member, however, is not violative of due process; it is entirely proper for members of such legislative bodies to have strong opinions about the matters before them. And because it appears that Copeland was within his legal rights in voting to join the Duling appeal, WDD has failed to show that Copeland's actions could have violated any clearly established right.[5] Consequently, Copeland is immune to suit and should be granted summary judgment.

## CONCLUSION

Thornbury Township has no basis for an appeal at this point in the proceedings. Lacking jurisdiction, this court must therefore dismiss the Township's appeal. Under the collateral order doctrine, however, appellant Copeland may appeal the denial of summary judgment. Because the acts of which WDD complains do not show the violation of any clearly established right, Copeland is immune from suit. The deci-

sion of the District Court denying reconsideration of the denial of summary judgment will thus be reversed as to Copeland, and the case remanded for an entry of summary judgment in his favor.

---

5. It is true that the Chester County Court of Common Pleas has noted the "uniquely egregious comportment of Supervisor Copeland in the circumstances surrounding this case," and has also described the Board's consideration of WDD's plan as being of a "quasi-judicial" nature. *See WDD, Inc. v. Thornbury Township Board of Supervisors,* No. 86–07758 (order of July 13, 1987), reprinted in Appellee's Brief, Exhibit B. These characterizations of Copeland's actions and of the Board's cannot, however, control this case. As noted above, the relevant question is whether Copeland knew or reasonably should have known at the time of his actions that he was violating a clearly established right. A later judicial determination about the propriety of Copeland's actions can have no bearing on this limited inquiry.