**Claude de BOTTON**

v.

**MARPLE TOWNSHIP, et al.**

**Civ. A. No. 87-3864.**

United States District Court, E.D. Pennsylvania.

April 22, 1988.

Michael Sklaroff, David L. Cohen, Joanne Phillips, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for plaintiff.

Richard M. Rosenbleeth, James P. Golden, Ann B. Laupheimer, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., Michael F.X. Gillin, Media, Pa., for defendants.

## MEMORANDUM

GAWTHROP, District Judge.

Pending before this court is the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), filed by the defendants, Marple Township, the Marple Township Board of Commissioners, James Phillips, Jean Marie Cella, John Butler, Louis Guerrerra, Barry Dozor, Robert Jordan, Pat Keates, Hugo Yannelli, Maureen Fitzpatrick, Bonnie Scott, Robert Haas, Gerald Connors, Richard Worley, Mark Plafker, and Joseph Aloi. For purposes of simplicity, defendants shall be referred to as "Township."

## BACKGROUND

Plaintiff, Claude de Botton is the present owner of approximately 17.66 acres of land (tract), located in Marple Township, Delaware County, Pennsylvania. At the time the operative facts in this suit took place, Mr. de Botton was the President of Marple Gardens, Inc., a Pennsylvania corporation that originally owned the tract.

In May of 1980, the tract was zoned R–1, thereby limiting its use to single-family detached dwellings on not less than 12,000 square foot lots. A few days later, Marple Gardens, Inc. filed a curative amendment challenge to the zoning ordinance to permit the construction of a mobile home park on the tract. The Township scheduled hearings on June 24, 1980, and June 30, 1980, to consider the proposed curative amendment. When the Township cancelled these hearings and refused a request to reschedule them, Marple Township, Inc. filed zoning appeal notices with the Delaware Court of Common Pleas in July and August of that year, based upon the Township's denial of his curative amendment.

On February 24, 1984, the Court of Common Pleas directed that a zoning permit for a mobile park home park be issued to Marple Township, Inc. On August 7, 1987, the trial court's decision was affirmed by the Commonwealth Court. On January 27, 1987, the Supreme Court denied the Township's petition for allowance of appeal.

On June 24, 1987, Mr. de Botton filed suit in the United States District Court for the Eastern District of Pennsylvania. He alleges: (1) that the Township violated both his substantive and procedural due process rights under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution; (2) that the Township's actions constituted a taking of property without just compensation; and (3) that the defendants conspired to prohibit mobile home parks in Marple Township, thereby violating 42 U.S.C. § 1985.

## DISCUSSION

In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must follow, of course, the accepted maxims that all well-pleaded allegations will be accepted as true, that the complaint should be construed liberally, and in favor of the plaintiff, and that a complaint should not be dismissed unless it appears beyond doubt that no set of facts may be proven which would entitle the plaintiff to the relief requested. *Dudosh v. City of Allentown*, 629 F.Supp. 849, 850 (E.D.Pa.1985).

I.  Are Plaintiff's Claims Barred by the Statute of Limitations?

The Township initially contends that all of Mr. de Botton's claims are barred by the

statute of limitations. The applicable statute of limitations for Mr. de Bottom's claims under 42 U.S.C. § 1983 is Pennsylvania's statute of limitations for personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Sullivan v. City of Pittsburgh, Pa.,* 811 F.2d 171 (3d Cir.) *cert. denied,* — U.S. —, 108 S.Ct. 148, 98 L.Ed.2d 104 (1987). In Pennsylvania, the limitation period is the two-year limitation provided by 42 Pa.Cons. Stat.Ann. § 5524. *Smith v. City of Pittsburgh,* 764 F.2d 188, 194 (3d Cir.), *cert. denied,* 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985); *Syre v. Commonwealth,* 662 F.Supp. 550 (E.D.Pa.1987).

The plaintiff argues that the statute of limitations accrued on January 27, 1987, when the Pennsylvania Supreme Court denied the Township's petition for allowance of appeal. The plaintiff also suggests that, in any case, the two-year limitation is inapplicable to his direct constitutional claims which, he asserts, are governed by the five-year statute of limitations period applicable to proceedings under the Pennsylvania Eminent Domain Code. *See:* 42 Pa. Cons.Stat.Ann. 5526.

■ A plaintiff's section 1983 claim accrues on the date he knew or had reason to know of the injury which is the basis for his action. *Syre v. Com.,* 662 F.Supp. 550, 553 (E.D.Pa.1987). In this case, the date implicating the statute of limitations would be June of 1980, when the Township, in effect, denied Mr. de Botton his curative amendment challenge by refusing to hold hearings on the matter. *See: Peter Henderson Oil v. City of Port Arthur, Tex.,* 806 F.2d 1273, 1275 (5th Cir.1987) (section 1983 action accrued date of city ordinance); *McMillan v. Goleta Water Dist.,* 792 F.2d 1453, 1457 (9th Cir.1986), *cert. denied* — U.S. —, 107 S.Ct. 1348, 94 L.Ed.2d 519 (1987)(section 1983 action accrued date Water District issued denial of plaintiff's application); *Rodrigues v. Village of Larchmont, N.Y.,* 608 F.Supp. 467, 477 (D.C.N.Y.1985) (denial of zoning

variances implicated statute of limitations for section 1983 claim). *Cf. Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (claim that government regulation effects taking is only ripe when government entity charged with implementing regulation has reached final decision regarding application of the regulations to the property at issue).

■ Having determined that the date of the Township's denial constituted the point at which the statute of limitations began to run, the next question becomes whether the subsequent state litigation served to toll the statute. The plaintiff suggests that this is the case, relying upon the "continuing wrong" theory, espoused in *Gordon v. City of Warren,* 579 F.2d 386, 392 (6th Cir.1978), and *Lockary v. Kayfetz,* 587 F.Supp. 631 (N.D.Cal.1984). *See also: Jackson v. City Council of the City of Charlottesville, VA.,* 659 F.Supp. 470, 474–75, (W.D.Va.1987) (continued enforcement of zoning ordinance tolled statute of limitations). A continuing wrong theory is available where, as here, an act by a governmental entity actually deprives an individual of use of his property pending court proceedings. *Ocean Acres Ltd. v. Dare County Board of Health,* 707 F.2d 103, 106 (4th Cir.1983). Mr. de Botton successfully pursued all remedies available to him under Pennsylvania law.[1] His "deprivation, if any, continued until his relief in state court was final ...[,]" *Moore v. City of Costa Mesa,* 678 F.Supp. 1448, 1449, (1987), that being January 27, 1987, the date the Pennsylvania Supreme Court denied the defendants' appeal.

Accordingly, I hold that Mr. de Botton's claims are not time-barred.

**II. Did the Denial of the Curative Amendment Constitute a Taking under the Fifth Amendment?**

■ The defendants argue that because Mr. de Botton was not completely deprived

---

1. Mr. de Botton could not have brought an action in state court for inverse condemnation, because Pennsylvania, at the time, did not recognize regulatory takings. *See: Kraiser v. Horsham,* 72 Pa.Commw. 16, 455 A.2d 782 (1983). This decision and related Pennsylvania cases have been recently overruled by *First English Evangelical Lutheran Church of Glendale v. Los Angeles,* — U.S. —, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987).

of all use of his tract, his property was not taken within the meaning of the Fifth Amendment. In *First English Evangelical Lutheran Church of Glendale v. Lost Angeles City,* —— U.S. ——, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), the Supreme Court held that "temporary" regulatory takings which deny the landowner all use of his property, are not different in kind from permanent takings, for which the Constitution clearly requires compensation. 107 S.Ct. at 2388. The Court, however, expressly distinguished this situation from one which "would arise in the case of normal delays in obtaining building permits, changes in zoning ordinances, variances and the like...." 107 S.Ct. at 2389.

Here, Mr. de Botton was not deprived of all uses of his property, since the ordinance permitted the construction of single-family homes on 12,000 square foot lots. His contention that the Township's refusal to permit him to make better use of his land, through the development of a mobile home park, is not sufficient to constitute a taking under the law. *See: Bello v. Simmons Park Properties, Inc.,* 840 F.2d 1124 (3d Cir.1988) (no taking where plaintiffs denied particular building permit but retained right to put land to variety of alternative uses). *See also: Pace Resources, Inc. v. Shrewsbury Twp.,* 808 F.2d 1023 (3d Cir.) *cert. denied* —— U.S. ——, 107 S.Ct. 2482, 96 L.Ed.2d 375, *reh'g denied,* —— U.S. ——, 108 S.Ct. 10, 97 L.Ed.2d 800 (1987).

Accordingly, I will grant the defendants' motion to dismiss on this claim.

### III. Has Mr. De Botton Stated A Claim for the Denial of Substantive Due Process?

Where a plaintiff alleges that a municipality's zoning board violated his right to substantive due process, he bears the burden of demonstrating that the governmental action was arbitrary, irrational, or tainted by improper motive. *Bello v. Simmons Park Properties, (supra).* Thus, plaintiff's complaint must allege facts that would support a finding of arbitrary or irrational legislative action by the Town-

ship. *Pace Resources, Inc. v. Shrewsbury Twp,* 808 F.2d at 1035.

Mr. de Botton alleges facts from which a jury could conclude that the Township acted in an arbitrary or irrational manner, specifically the Township's abrupt cancellation of the hearing on his curative amendment, and the subsequent decision to permit mobile housing in areas outside Mr. de Botton's tract. Although the Township, of course, claims that their actions were done in a completely rational manner, this is a question of fact for the jury to decide. *Bello v. Simmons Park Properties,* at 1129-30.

I will therefore deny the defendants' motion to dismiss the plaintiff's substantive due process claims.

### IV. Has Mr. De Botton Stated a Claim for the Denial of his Procedural Due Process Rights?

The defendants next argue that Mr. De Botton was not deprived of property without due process because he received all the process that was his due. I disagree. Plaintiff was entitled to a hearing on his curative amendment within the sixty-day period required by section 609.1 of the Municipalities Planning Code (MPC), 53 Pa. Stat.Ann. § 10609.1. It is undisputed that the Township refused to grant him a hearing during this period. Thus, it is beyond cavil, that Mr. de Botton has stated a claim for the denial of his due process rights.

### V. Has Mr. De Botton Stated a Claim for the Denial of his First Amendment Right to Petition?

The plaintiff suggests that the refusal to hold a hearing on his curative amendment violated his right to petition. The final clause of the First Amendment provides: "Congress shall make no law ... abridging ... the right of the people to assemble and to petition the government for a redress of grievances." This clause "was inspired by the same ideals of liberty and democracy that gave us the freedoms to speak, publish, and assemble." *McDonald v. Smith,* 472 U.S. 479, 485, 105 S.Ct. 2787, 2791, 86 L.Ed.2d 384 (1985).

Mr. de Botton's complaint is bereft of any instance in which he was prevented from petitioning the government for redress of his grievances, or where a penalty was imposed for his so doing. Likewise, he has cited no case, zoning or otherwise, in which the right to petition was translated into the right to receive a hearing. As Mr. de Botton's claim is bottomed on a faulty interpretation of his First Amendment right, I will grant the defendants' petition to dismiss this part of plaintiff's complaint.

### VI. Has Mr. De Botton Stated a Claim under Section 1985?

Section 1985(3) provides a private civil remedy for persons injured by conspiracies to deprive them of their right to equal protection under the laws. *Canlis v. San Joaquin Sherrif's Posse Comitatus,* 641 F.2d 711, 718 (9th Cir.), *cert. denied* 454 U.S. 967, 102 S.Ct. 510, 70 L.Ed.2d 383 (1981). To establish a section 1985 violation, "plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Brotherhood of Carpenters & Joiners of America, Local 610, AFL–CIO, et al. v. Scott et al.,* 463 U.S. 825, 828–829, 103 S.Ct. 3352, 3355–56, 77 L.Ed.2d 1049 (1983).

▬▬ Unlike section 1983, a section 1985 conspiracy must be on a racial or otherwise class-based motivation. *Cohen v. City of Philadelphia,* 736 F.2d 81, 82, n. 3 (3d Cir.), *cert. denied* 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). Discriminatory purpose is not presumed; intentional discrimination must be clearly shown. *Wagner v. Harmar Township,* 651 F.Supp. 1286, 1288 (W.D.Pa.), *aff'd* 826 F.2d 1058 (3d.Cir.1987).

▬▬ Mr. de Botton has alleged that the defendant's actions were meant to exclude a class of prospective purchasers that include "the young and the elderly who lack sufficient resources or income to acquire or maintain homes of traditional construction." [2] In *United Brotherhood of Carpenters and Joiners of America, (supra),* the Supreme Court explicitly foreclosed the possibility of a viable 1985(3) cause of action where the plaintiff alleges a class, such as this, distinguished only by economic characteristics. The Court found "no convincing support in the legislative history for the proposition that the provision was intended to reach conspiracies motivated by bias towards others on account of their *economic* views, status, or activities." 463 U.S. at 837, 103 S.Ct. at 3361. (emphasis in original). It, therefore, held that "group actions generally resting on economic motivations should be deemed beyond the reach of 1985(3). 463 U.S. at 839, 103 S.Ct. at 3361–62. *See also: C & K Coal Co. v. United Mine Workers of America,* 704 F.2d 690 (3d Cir.1983) (section 1985 has never been held to apply to economically motivated conspiracies); *Carchman v. Korman Corp.,* 594 F.2d 354, 356 (3d Cir.), *cert. denied,* 444 U.S. 898, 100 S.Ct. 205, 62 L.Ed.2d 133 (1979) (tenant organizers did not state cause of action under section 1985(3)).

I, therefore, conclude that Mr. De Botton has failed to state a claim under section 1985(3).

### VII. Are the Individual Defendants entitled to Immunity?

▬▬ Municipal legislators are absolutely immune from civil rights damages actions, provided that they are acting in their legislative capacities. *Aitchison v. Raffiani,* 708 F.2d 96, 98–100 (3d Cir.1983). Where the actions of municipal legislators is administrative or ministerial in character, however, they are entitled only to qual-

---

**2.** In his supplemental brief, plaintiff now contends that the defendants meant to discriminate against a class consisting of the young, the elderly, and minorities. Because plaintiff has included minorities at this late juncture, rather than including it in his initial pleadings, or even in his initial brief, I need not consider this claim.

ified immunity. *See e.g., W.D.D. v. Thornbury Township,* 839 F.2d 151 (3d.Cir.1988) (township supervisor entitled to qualified immunity in connection with conduct regarding proposed subdivision plan).

Plaintiff claims that the individual defendants in this case were not acting in a legislative capacity when the operative facts took place and, consequently, are not entitled to immunity. The defendants, on the other hand, assert that the failure to grant Mr. De Botton his curative amendment involved legislative activity warranting absolute immunity.

I cannot accept defendants' contention that the individual defendants were acting in a legislative capacity when they refused to grant Mr. de Botton a hearing on his curative amendment. The act of ruling on an application for a variance to a zoning plan has been held by this circuit to constitute an administrative function. *See: Rogin v. Bensalem Twp.,* 616 F.2d 680 (3d.Cir.1980) *cert. denied* 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981) (denial of variance administrative act). *See also: Jodeco, Inc. v. Hann,* 674 F.Supp. 488, 498 (D.N.J.1987) (decision to deny variance application did not constitute legislative act). I see no reason for distinguishing the refusal to grant a curative amendment from a denial of a zoning variance.

Accordingly, I deny defendant's motion to dismiss this part of plaintiff's complaint.

An appropriate order follows.

## ORDER

AND NOW, this 22nd day of April, 1988, Defendants' Motion to Dismiss is GRANTED as to Counts III, IV, V, and DENIED in all other respects.