notice pursuant to § 362(b)(9), yet bar the equivalent state notice.

Once the notice is issued, however, the Commonwealth is barred from taking steps to create a lien.[6] The method of calculating and determining tax liability—at least at that point—is a task reserved for the bankruptcy court. *See* § 505. Indeed, the Commonwealth's audit provides the bankruptcy court with a starting point for determining final tax liability and upon issuance of a deficiency notice (or notice of audit assessment) under § 362(b)(9), the Code gives the court the option of allowing the debtor to pursue an administrative appeal.

Accordingly, we will reverse the judgment of the district court, except insofar as it voids the tax lien created by the Commonwealth with the prothonotary of the Court of Common Pleas, with directions to remand the case to the bankruptcy court for further proceedings consistent with this opinion.[7]

**W.D.D., INC.**

**v.**

**THORNBURY TOWNSHIP, Chester County and Copeland, John G., Jr. Appellants.**

**No. 87–1382.**

United States Court of Appeals, Third Circuit.

Argued Dec. 8, 1987.

Reargued in banc May 10, 1988.

Decided June 28, 1988.

---

Charles W. Craven (argued), Maria Zulick, Robert G. Hanna, Jr., Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, Pa., for appellants.

Thomas A. Riley, Jr. (argued), Louis J. Colagreco, Jr., Riley Law Associates, Ltd., Paoli, Pa., for appellee.

Before GIBBONS, Chief Judge, and SEITZ, HIGGINBOTHAM, SLOVITER, BECKER, STAPLETON, MANSMANN, GREENBERG, HUTCHINSON, SCIRICA, COWEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

1. This is an action under 42 U.S.C. § 1983. Appellee W.D.D., Inc. ("WDD") alleged that its civil rights were violated in connection with certain land use restrictions imposed by a municipality. Appellants Thornbury Township and John G. Copeland, Jr. moved for summary judgment and then for reconsideration. The district court denied both motions. Upon rehearing in banc, we will vacate the prior panel opinion reported at 839 F.2d 151 (3d Cir.1988), and dismiss the appeal as to both appellants.

## I. APPEAL OF THORNBURY TOWNSHIP

2. Generally, 28 U.S.C. § 1291 does not give this court jurisdiction to consider the denial of a motion for summary judgment. *Metex Corp. v. ACS Industries, Inc.*, 748 F.2d 150, 153 (3d Cir.1984); *Forsyth v. Kleindienst*, 599 F.2d 1203, 1207 (3d Cir.1979), *cert. denied sub nom. Mitchell v. Forsyth*, 453 U.S. 913, 101 S.Ct. 3147, 69 L.Ed.2d 997 (1981). There is an exception to this rule when the appeal centers on the denial of a claim of immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Appellant Thornbury Township, however, does not claim immunity from suit. Its entire argument, both in the district court and on appeal, is that under the applicable law of § 1983 claims it is entitled to summary judgment. Since there has been no final judgment in its case, and since the Township does not raise a claim of immunity, this court has no jurisdiction to decide whether the district court properly refused to grant summary judgment. Therefore the Township's appeal will be dismissed.

## II. APPEAL OF JOHN C. COPELAND, JR.

3. Appellant Copeland, a member of the Thornbury Township Board of Supervisors when this case arose, appeals from an order denying reconsideration of an order that had denied his motion for summary judgment on the ground of qualified immunity, which we shall treat as an appeal from the order denying summary judgment. Because the court is equally divided as to the appealability of the order in the present posture of this case, the appeal will be dismissed.