Willie G. **HARRIS,** Plaintiff–Appellee,

v.

**COWETA COUNTY, a Political Subdivision of the State of Georgia, Larry T. Hammett, Sheriff of Coweta County, Defendants–Appellants.**

No. 92–8549.

United States Court of Appeals,
Eleventh Circuit.

Oct. 27, 1993.

---

H. Lane Young, Kimberly A. Houston, Freeman & Hawkins, Atlanta, GA, for defendants-appellants.

James A. Eidson, Eidson & Associates, Hapeville, GA, for plaintiff-appellee.

Before BLACK and CARNES, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Plaintiff Willie Harris, a Georgia inmate at the Augusta Correctional and Medical Institute serving a life sentence for armed robbery, brought this action under 42 U.S.C. § 1983 .alleging denial of proper medical treatment for a hand injury during his pre-conviction incarceration September 1990 through January 1991 at the Coweta County jail. Harris sued Coweta County and County Sheriff Larry T. Hammett in his individual and official capacities, asserting Eighth and Fourteenth Amendment violations, parallel Georgia constitutional claims, and negligence per se. All parties moved for summary judgment, and defendant Hammett asserted qualified immunity. Both defendants now appeal from the district court's denial of summary judgment. We affirm the denial of summary judgment to Sheriff Hammett in his individual capacity and dismiss for lack of jurisdiction the appeals of Coweta County and Hammett in his official capacity.

*Denial of Summary Judgment to Sheriff in His Individual Capacity*

Since Sheriff Hammett claimed qualified immunity to the suit against him in his individual capacity, the denial of his motion for summary judgment is an appealable interlocutory order. *Mitchell v. Forsyth,* 472 U.S. 511, 526–28, 105 S.Ct. 2806, 2815–17, 86 L.Ed.2d 411 (1985). Under the test for qualified immunity, Sheriff Hammett could avoid liability for discretionary functions if his conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

There is no question that a prisoner's right to medical treatment was clearly established by the time of Sheriff Hammett's alleged conduct in this case. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) ("In order to state a cognizable [§ 1983] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."); *Hamm v. DeKalb County,* 774 F.2d

1567, 1574–75 (11th Cir.1985), *cert. denied,* 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986). The issue upon which Sheriff Hammett's qualified immunity depends is whether his conduct violated this right. A recitation of the allegations demonstrates there are issues of fact which support the district court's denial of summary judgment.

Harris was arrested in Troup County on September 6, 1990, and transported in handcuffs to the Coweta County jail to await trial on criminal charges pending against him in Coweta County. Harris alleges that the handcuffs caused some sort of injury to his left hand and that he told the jailer and requested treatment. Testimony on behalf of Harris states that during September he made repeated requests for treatment. Defendants acknowledge only one written request dated September 9. Harris was seen by the jail nurse on September 28 and by the jail doctor some time thereafter. The doctor recommended that a nerve conduction study be done if symptoms persisted.

On numerous occasions during October, Harris made written requests for medical attention and was seen by medical personnel. None of these occasions concerned his hand. Harris claims that he made further requests in early and mid-November for attention to his hand, which was curled up with the fingernails growing toward the palm. He was taken to the hospital emergency room in the early hours of November 23, and the transporting officer and others became aware that he might need treatment. He was seen by orthopedic physician Dr. Scott R. Arrowsmith on November 29, who called the Sheriff's Office and recommended immediate medical attention.

Bond was set for Harris on December 6, but he could not make it and thus remained in the Coweta County jail for the next several weeks. Harris claims that he continued to request treatment and that Dr. Arrowsmith and others tried to help him receive it. He was seen on January 8, 1991, by the new Sheriff's Department physician, Dr. Gorman, who referred him for nerve conduction studies which were done on January 16. On January 17 Dr. Gorman recommended surgery as soon as possible.

Harris filed the instant lawsuit on January 18. A few days later, Sheriff Hammett requested and received a written statement from Dr. Gorman saying that surgery could wait a few weeks. Harris was put on trial on January 24 and was convicted the next day. Following the conviction, he was transferred to the state prison system. On March 11, Harris finally received the needed surgery. Since then he has undergone extensive physical therapy but has not regained the use of his hand.

In this lawsuit, Harris claimed that Coweta County and Sheriff Hammett in his official and individual capacities denied him proper and necessary medical treatment for a serious injury while he was incarcerated at the Coweta County Jail. He claimed that there was a consistent pattern of denying and delaying his access to medical care and that from at least November 29 there was intentional interference by Sheriff Hammett with Harris' treatment as prescribed by Dr. Arrowsmith and others, which interference resulted in Harris' loss of the use of his hand.

The district court correctly held that the facts are in dispute as to precisely what Hammett knew and when, and how this caused delay in Harris' medical treatment. As alleged by Harris, however, Hammett knew by November 29 that Harris needed attention as soon as possible and deliberately acted to delay his treatment until after he was transferred to the state system at the end of January. Under these facts, Sheriff Hammett is not entitled to summary judgment on the ground of qualified immunity. Whether Harris' allegations are true, and whether Sheriff Hammett's conduct gives rise to liability under § 1983, are matters to be determined at trial.

This Court has previously discussed the conflicting cases of this Circuit as to whether, there being unresolved issues of fact, the appeal should be dismissed for lack of jurisdiction or the district court's denial of summary judgment should be affirmed. *Howell v. Evans,* 922 F.2d 712, 717–18, *vacated,* 931 F.2d 711 (11th Cir.1991). Since there seems to be no difference in the effect on the litigation, we need not resolve the point, and

simply affirm the denial of summary judgment. *Stewart v. Baldwin County Bd. of Educ.,* 908 F.2d 1499, 1507 n. 4 (11th Cir. 1990).

*Denial of Summary Judgment to Coweta County and Sheriff Hammett in His Official Capacity*

 The denial of summary judgment to Sheriff Hammett in his official capacity and to Coweta County is a non-appealable interlocutory order. Generally, denial of a motion for summary judgment is not a final decision and no appeal lies from it. *United States v. Florian,* 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105 (1941); *Diaz v. Crom,* 195 F.2d 517 (5th Cir.), *cert. denied,* 344 U.S. 841, 73 S.Ct. 54, 97 L.Ed. 654 (1952). An exception to this general rule gives appellate jurisdiction of a denial of a motion for summary judgment based on qualified immunity. *Mitchell v. Forsyth,* 472 U.S. 511, 526–28, 105 S.Ct. 2806, 2815–17, 86 L.Ed.2d 411 (1985). Municipal defendants are not entitled to qualified immunity as to section 1983 claims. *Owen v. City of Independence,* 445 U.S. 622, 638, 100 S.Ct. 1398, 1409, 63 L.Ed.2d 673 (1980). A suit against municipal government employees in their official capacity is a suit against the municipality. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Without a qualified immunity issue, the denial of summary judgment to § 1983 defendants is not appealable. *See Brown v. Grabowski,* 922 F.2d 1097, 1105 (3d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2827, 115 L.Ed.2d 997 (1991). *See also W.D.D., Inc. v. Thornbury Township,* 850 F.2d 170, 171 (3d Cir.), *cert. denied,* 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988) (no jurisdiction over appeal from denial of summary judgment where township raised no claim of immunity).

 We recognize that, having assumed jurisdiction over the appeal of the Sheriff in his individual capacity, we have the discretion to exercise pendent jurisdiction over the appeals of the County and the Sheriff in his official capacity. *See, e.g., Schmelz v. Monroe County,* 954 F.2d 1540, 1543 (11th Cir. 1992); *Stewart v. Baldwin County Bd. of Educ.,* 908 F.2d 1499, 1508–09 (11th Cir. 1990). We decline to do so. Because this case is remanded for trial on the issue of defendant Hammett's qualified immunity, judicial economy would not be served by resolving the other issues on this appeal. Therefore, the appeal of all issues except qualified immunity is dismissed for lack of appellate jurisdiction.

AFFIRMED in part, DISMISSED in part.