518 A.2d 535

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard SYRE, Appellee.**

Supreme Court of Pennsylvania.

Nov. 10, 1986.

## ORDER

PER CURIAM.

The Petition for Allowance of Appeal is granted. Inasmuch as a determination of the instant appeal is dependent solely upon an assessment of the record, a decision as to the merits of the appeal is being rendered concurrently.

The appellee, Richard Syre, a lawyer, was found guilty by a jury of witness tampering. He appealed his conviction to the Superior Court, which reversed on the ground that there was insufficient evidence to support the conviction (Opinion by Cirillo, J.). 322 Pa.Superior Ct. 416, 469 A.2d 1059. An appeal was taken to this Court, and, finding the evidence to have been clearly sufficient, we reversed and remanded so that the other grounds asserted in the appeal could be reviewed by the Superior Court. *Commonwealth v. Syre*, 507 Pa. 299, 489 A.2d 1340 (1985). On remand, the same panel of the Superior Court once more set aside the conviction and remanded for a new trial (Opinion by Cirillo, J.), holding that there had been improper and prejudicial communications between two jurors and the court crier during the course of trial. *Commonwealth v. Syre*, 348 Pa.Super. 110, 501 A.2d 671 (1985). Once again, the Commonwealth has sought our review. A review of the record reveals that Superior Court has plainly disregarded the evidence supporting the trial court's findings that no prejudicial communications had occurred, and, thus, reversal of Superior Court's order is required.

Upon learning from an alternate juror, one Idolo Capriotti, that the trial court's crier, Helen Wolf, had communicated with two members of the jury during trial, appellee requested a hearing on the matter. At the hearing, Ca-

priotti testified that he had been told during the trial by Barbara Guarracino (juror # 8) that Wolf advised her that if she listened to certain taped conversations, which were the Commonwealth's chief evidence, it should only take five minutes to reach a guilty verdict; and by Amy Eskild (juror # 11) that Wolf had told her that every person who asks for a jury trial is guilty. Capriotti's testimony was plainly contradicted, however, by the testimony of Guarracino and Eskild. Both of the latter testified that the content of their conversations was not as Capriotti had indicated.

Guarracino testified that she did not recall having had any conversation with Capriotti that could have been interpreted in the manner that Capriotti had asserted. Further, Guarracino stated that she had become depressed during trial because she did not like being separated from contact with her family, and that, as a result, she had asked Wolf how much longer the trial would continue. According to Guarracino, Wolf replied that if the jurors paid attention to the evidence, it should not take them long to decide upon a verdict. Guarracino testified that Wolf did not indicate what type of verdict might be reached, and, further, Guarracino stated that her ability to be a fair and impartial juror had not been influenced in any way by conversations with Wolf.

Eskild testified that she had initiated a conversation with Wolf that was merely a broad discussion of the entire jury system, and that, in the course thereof, they discussed generally the circumstances in which jury trials are conducted. According to Eskild, Wolf told her that, as a rule, jury trials are requested by defendants in criminal cases rather than in civil cases, and that people who are guilty might be one of the types of people that request jury trials. Eskild testified, however, that she did not recall Wolf ever having said that every person who asks for a jury trial is guilty. Furthermore, Eskild stated that her ability to serve as a fair and impartial juror had not been affected by contact with Wolf.

Finally, Wolf testified that she had in fact had a conversation with Guarracino in an effort to allay Guarracino's concerns about being sequestered from her family during trial but stated that, although she urged Guarracino to be attentive during trial, she did not tell her that the defendant was guilty or that it should not take long for jurors to reach a decision in the case. Further, Wolf testified that she had never had even a general discussion with Eskild about the jury system, and stated that she never had said that persons who request jury trials are guilty.

Based upon this testimony, the trial court found that no prejudicial communications had occurred between Wolf and the jurors, and, thus, that a new trial was not required. See *Commonwealth v. Bradley*, 501 Pa. 25, 459 A.2d 733 (1983) (new trial required only where communications incurred a reasonable likelihood of prejudice). It is established that, in reviewing a trial court's findings as to whether prejudicial communications have occurred, an appellate court is limited to a determination of whether the trial court's findings are supported by the record. See *Commonwealth v. Silver*, 499 Pa. 228, 241–242, 452 A.2d 1328, 1334–1335 (1982). The testimony in the present case, as heretofore recounted, supplied an ample basis for the trial court's findings. Superior Court's decision overruling those findings must, therefore, be reversed.

Order reversed, and judgment of sentence reinstated.

LARSEN, J., files a dissenting opinion.

ZAPPALA, J., files a dissenting statement and would hear argument.

LARSEN, Justice, dissenting.

I dissent and in support thereof cite the Superior Court opinion filed in this case authored by Judge Vincent A. Cirillo, *Commonwealth of Pennsylvania v. Richard Syre*, 348 Pa.Super. 110, 501 A.2d 671 (1985).

ZAPPALA, Justice, dissenting.

I dissent. I would afford counsel the opportunity to both orally present its position and to indicate from the record those factual matters which would sustain their position.