**Richard SYRE, Plaintiff,**

v.

**COMMONWEALTH of Pennsylvania, et al.**

**Civ. A. No. 85–7146.**

United States District Court, E.D. Pennsylvania.

May 27, 1987.

diction over that area of land referred to as Pond 12.

Richard Syre, Woodruff, Wis., pro se.

Frank P. Tuplin, (Com. of Pa.) Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff, an attorney, brought this *pro se* action against sixteen defendants under a host of state and federal constitutional provisions and statutes as well as common law causes of action. His claims all arise from a state criminal investigation, prosecution and conviction for witness tampering.[1] Presently before me are defendants' motions to dismiss, plaintiff's motion for summary judgment, and the Commonwealth's motion for summary judgment. For the reasons that follow, defendants' motions to dismiss will be granted.

Plaintiff was a lawyer for the teamsters. On December 4, 1981, he was convicted of tampering with Ezekiel Gibbs, a witness in a criminal case against several teamster members. The critical evidence against plaintiff in his criminal trial were tapes of recorded conversations he had with Gibbs during which Syre purportedly offered to pay Gibbs for not testifying against the teamsters. The details of plaintiff's criminal trial are more fully set forth in the first supreme court decision, *Commonwealth v. Syre*, 507 Pa. 299, 489 A.2d 1340 (1985), incorporated by reference into the complaint. Plaintiff contends that the defendants violated his rights in connection with the use of a recording device and during his prosecution and the subsequent appeal. He seeks damages, as well as injunctive and declaratory relief regarding his conviction.

## DAMAGES

### 1. Immunity

Plaintiff bases his claim for damages on a variety of grounds. For the reasons that follow, several defendants are absolutely immune from all or some of plaintiff's damage claims.

#### A. Commonwealth

The eleventh amendment prohibits suits from being brought against a state in federal court. Plaintiff contends that the state has waived this immunity under the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa.Cons.Stat. Ann. § 5701 *et seq. See id.* at § 5725(b). The Supreme Court, however, has held that "in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the state's intention to subject itself to suit in *federal court." Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985) (emphasis in original). Section 8521(b) does not satisfy this test since it only waives sovereign immunity for damages without expressly waiving the eleventh amendment privilege from suit in federal court. Accordingly,

---

1. Plaintiff's conviction was initially reversed for lack of evidence by the Pennsylvania Superior Court, *Commonwealth v. Syre*, 322 Pa.Super. 416, 469 A.2d 1059 (1983); however, the Pennsylvania Supreme Court reversed this decision. 507 Pa. 299, 489 A.2d 1340 (1985). On remand, the superior court again reversed the conviction, this time on the ground that there was improper communications between some jurors and the court crier. 348 Pa.Super. 110, 501 A.2d 671 (1985). This decision was again reversed by the supreme court. 513 Pa. 1, 518 A.2d 535 (1986). Syre filed a writ of certiorari which was denied on March 23, 1987. —— U.S. ——, 107 S.Ct. 1577, 94 L.Ed.2d 768 (1987).

plaintiff can not recover damages in federal court based on an alleged violation of the Wiretapping Act by the Commonwealth.

**B. Pennsylvania Supreme Court, Court of Common Pleas of Philadelphia County, and Judge Stanley Kubacki**

■ Plaintiff's claims against the common pleas court and Judge Kubacki arise from his conviction and decisions made by Judge Kubacki during the trial. He also alleges that the first decision by the Pennsylvania Supreme Court was a violation of due process.

It is well established that judges and courts are absolutely immune from damage liability for actions taken within their judicial capacities. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *County of Lancaster v. Philadelphia Electric Co.,* 386 F.Supp. 934 (E.D.Pa. 1975). Plaintiff fails to allege that defendants acted in such a way as to lose their immunity. *See Stump v. Sparkman, supra,* 435 U.S. at 357 n. 7, 98 S.Ct. at 1105 n. 7. Thus, plaintiff can not maintain a claim for damages against the judicial defendants.

**C. Philadelphia District Attorney's office, Edward Rendell, Lloyd George Parry, and Eric Henson**

Plaintiff alleges that all these defendants, except Henson, are liable for their conduct in connection with the electronic surveillance, the notice of the surveillance, and the criminal trial. Plaintiff claims that Henson is liable for his conduct throughout the appeal of his conviction.

■ Prosecutors enjoy absolute immunity from damages for conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). Clearly, Henson is absolutely immune from damages for his conduct during the appeal. Similarly, the other prosecutorial defendants enjoy immunity for their actions during the criminal trial, including the suppression hearing.

■ With respect to plaintiff's claims arising from the electronic surveillance, there is a question of fact whether Rendell and Parry acted outside the boundaries of absolute prosecutorial immunity. *See Forsyth v. Kleindienst,* 599 F.2d 1203 (3d Cir. 1979) (distinction between conduct taken as an advocate and conduct as an administrator or investigator). Thus, on the present record, these claims are not subject to dismissal on the basis of absolute immunity. However, as noted *infra,* plaintiff's claim for damages against the defendants will be dismissed on other grounds.

**2. Specific Claims**

For those defendants who do not enjoy absolute immunity, plaintiff's claims for damages will be dismissed for the reasons that follow.

**A. 42 U.S.C. §§ 1981, 1985, and 1986**

■ Plaintiff purports to bring claims under 42 U.S.C. §§ 1981, 1985, and 1986; however, the facts of the complaint fail to support a claim of racial discrimination or class-based discriminatory animus against plaintiff. Mere allegations of discriminatory intent without factual support are not sufficient to state an actionable claim.

**B. 42 U.S.C. § 1983**

■ Plaintiff alleges that the non-prosecutorial defendants, Richard Sprague, Ann Miller, Edward Rubenstone, Morris Slotsky, Penn Radio Cab, Inc., and the law firm of Sprague, Goldberg & Rubenstone, conspired with prosecutors Rendell and Parry to record his conversations and to prosecute him in violation of his constitutional rights. Plaintiff's section 1983 claims, however, are barred by the applicable statute of limitations.

Plaintiff's section 1983 claim accrued on the date he knew or had reason to know of the injury which is the basis of his action. *See Singleton v. City of New York,* 632 F.2d 185 (2d Cir.1980), *cert denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). On the face of the complaint, plaintiff's claims accrued no later than December 4, 1981, the date of plaintiff's convic-

tion. By this date, plaintiff knew that his conversations with Gibbs were recorded. Moreover, during the trial, plaintiff alleged that defendants Sprague and Rendell had conspired against him. *See Commonwealth v. Syre,* 489 A.2d at 1341. Thus, plaintiff's complaint was brought more than four years after his cause of action accrued.

In *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that section 1983 claims are governed by the applicable state statute of limitations for personal injuries which, in Pennsylvania, is two years. 42 Pa.Cons.Stat.Ann. § 5524. The Third Circuit has applied *Wilson v. Garcia* retroactively unless during the two year period after the injury, a longer statute of limitations was used in similar cases. *Compare Pratt v. Thornburgh,* 807 F.2d 355 (3d Cir.1986), *with Smith v. City of Pittsburgh,* 764 F.2d 188 (3d Cir.), *cert. denied,* 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985).

■ Plaintiff claims that the undercover surveillance and prosecution were undertaken with malice and without probable cause by the defendants. Plaintiff's claims are most closely analogous to state causes of action for illegal search, malicious prosecution, and malicious abuse of process. *See Ammlung v. City of Chester,* 494 F.2d 811 (3d Cir.1974) (statute of limitations pertinent to the underlying substantive offense governs a conspiracy claim). The Pennsylvania statute of limitations for these claims is two years. 42 Pa.Cons.Stat. Ann. § 5524(1); *see Jennings v. Shuman,* 567 F.2d 1213 (3d Cir.1977); *Ammlung, supra.* Plaintiff's section 1983 claims, therefore, are barred by *Wilson v. Garcia.*

Plaintiff also claims that defendant Helen Wolf, court clerk for Judge Kubacki, tampered with several sequestered jurors during his trial. Similarly, this claim is barred by the statute of limitations.

### C. RICO

■ Plaintiff claims that defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* Plaintiff has not factually alleged the role of any defendant in the alleged RICO violation, *ADW Inc. v. Lutheran Social Mission Society,* No. 86–5427 (E.D.Pa. Jan. 6, 1987) [Available on WESTLAW, DCT database], nor has he adequately alleged a violation of the predicate offenses listed in his complaint, *Odesser v. Vogel,* No. 85–6931 (E.D.Pa. Nov. 5, 1986) [Available on WESTLAW, DCT database]. Therefore, plaintiff's RICO claim will be dismissed with leave to amend this claim in good faith.

### D. State Law Claims

■ Plaintiff asserts a laundry list of state law claims: libel, malicious prosecution, abuse of process, malicious use of process, false imprisonment, official oppression, false representation, malpractice, and the Pennsylvania Wiretapping Act as well as alleged violations of the state constitution. These claims, however, are all time barred by 42 Pa.Cons.Stat.Ann. §§ 5523, 5524. Plaintiff also asserts that defendants tortiously interfered with his right to contract with both Gibbs and the Teamsters. These claims, however, are also barred. *See also Mazzanti v. Merck and Company, Inc.,* 770 F.2d 34 (3d Cir. 1985) (tortious interference with contract claim is governed by two-year statute of limitations during same time period as present case). Moreover, as a matter of law, plaintiff's wrongful interference with contract claim must be dismissed since this claim requires proof that the acts were taken without right or justifiable cause. *See R.P. Russo Contractors & Engineers, Inc. v. C.J. Pettinato Realty and Development, Inc.,* 334 Pa.Super. 72, 482 A.2d 1086 (1984). Here, because plaintiff was found guilty of tampering with a witness, he can not show lack of justifiable cause on the part of defendants.

### DECLARATORY RELIEF

■ Plaintiff seeks declaratory relief under 28 U.S.C. § 2201 that his conviction was invalid. For example, he requests a declaratory judgment that the investigation and prosecution violated due process. However, declaratory relief is not available

to attack a criminal conviction. *Johnson v. Onion,* 761 F.2d 224 (5th Cir.1985); *Sperl v. Deukmejian,* 642 F.2d 1154 (9th Cir. 1981).

## INJUNCTIVE RELIEF

 Plaintiff also seeks to enjoin further prosecution and disciplinary proceedings. Because of the second Pennsylvania Supreme Court decision reinstating the conviction, it appears there is no threat of future prosecution. With respect to plaintiff's request to enjoin disciplinary proceedings, it is not clear who plaintiff is seeking to enjoin or the basis for an injunction. Since I have given plaintiff leave to amend his complaint, I will also dismiss his claim for injunctive relief with leave to amend.

## ORDER

AND NOW, this 27th day of May, 1987, it is hereby ordered as follows:

1. Plaintiff's motion to amend the complaint to join Mark Charleston, Trustee of Penn Radio Cab, Inc., *nunc pro tunc,* is granted.

2. The motions of all defendants to dismiss are granted and the entire complaint is dismissed for the reasons set forth in the accompanying memorandum with leave to file an amended complaint within twenty (20) days from the date of this order.

3. Plaintiff's motion for summary judgment is denied.

4. Defendant Commonwealth's motion for summary judgment is denied.

5. Plaintiff's motion for a preliminary injunction is denied as moot.

6. Plaintiff's motion for oral argument and decision is denied as moot.