George BARGHOUT

v.

MAYOR AND CITY COUNCIL
OF BALTIMORE, et al.

Civ. No. L–91–141.

United States District Court,
D. Maryland.

June 10, 1994.

Susan Goering, American Civil Liberties Union of MD, and P. Paul Cocoros, Baltimore, MD, for plaintiff.

Neal M. Janey, City Sol. for Baltimore City, and Burton H. Levin, Asst. City Sol., Baltimore, MD, for defendants.

### ORDER

LEGG, District Judge.

█ Pending before the Court is defendants' motion to vacate the September 30, 1993 judgment of the Court. 833 F.Supp. 540. The instant motion is partially premised upon lack of standing—namely, that Barghout no longer sells food to the public in Baltimore City which he advertises as being kosher. The standing issue was only raised after the Court issued its judgment. The motion is therefore untimely. In addition, Barghout states in an affidavit dated May 3, 1994 that he is currently selling such food in Baltimore City and is therefore subject to the challenged ordinance. At the very least, the issue raised by Barghout may be characterized as "capable of repetition yet evading review." Thus, the standing argument falls.

Defendants also contend that Paragraph Three of the Court's Order of September 30, 1993 erroneously declared Mr. Barghout's state law conviction unconstitutional. In addressing this issue, a brief review of the history of this case is appropriate.

█ In a February 20, 1991 Memorandum and Order, Judge Smalkin dismissed this case, ruling that Barghout could not seek declaratory relief in federal court because an appeal of his state court conviction was pending. Judge Smalkin then vacated this ruling when Barghout dismissed the pending appeal. Thus, Barghout elected to waive a challenge as to the constitutionality of his state court conviction, and, as a merchant subject to the disputed City ordinance, he was allowed to proceed in federal court under the Declaratory Judgment Act. Nevertheless, Barghout continued to seek, *inter alia*, a declaration that his conviction was unconstitutional. Declaratory relief is not, however, available to attack a criminal conviction. *See Johnson v. Onion*, 761 F.2d 224, 226 (5th Cir.1985); *Sperl v. Deukmejian*, 642 F.2d 1154, 1154 (9th Cir.1981); *Syre v. Commonwealth of Penn.*, 662 F.Supp. 550, 554–555 (E.D.Pa.1987), *aff'd*, 845 F.2d 1015 (3d Cir.), *cert. denied*, 488 U.S. 853, 109 S.Ct. 139, 102 L.Ed.2d 112 (1988).

Accordingly, the Court hereby GRANTS defendants' motion to vacate *Paragraph Three only* of the September 30, 1993 judgment of the Court. Nothing in this Order, however, shall be construed to affect the validity of Paragraphs One, Two, and Four of the Court's September 30, 1993 Order.

IT IS SO ORDERED.