64 A.3d 622

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**William JOHNSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 18, 2011.

Decided March 25, 2013.

Victor J. Abreu Jr., James H. Moreno, Philadelphia, Defender Association of Philadelphia, Arianna Julia Freeman, Federal Community Defender Office for the Eastern District of PA, for Appellant.

Hugh J. Burns Jr., Philadelphia District Attorney's Office, Philadelphia, Amy Zapp, PA Office of Attorney General, Harrisburg, for Appellee.

### ORDER

PER CURIAM.

**AND NOW,** this 25th day of March, 2013, the March 6, 2006 order of the PCRA court is VACATED. For the reasons stated below, the PCRA petition and its amendments are reinstated, and the case is REMANDED to the PCRA court for review and disposition limited to the issues raised in the PCRA petition as amended, including holding an evidentiary hearing on any claim which the court believes raises a material issue of fact and is not resolvable as a matter of law, in accordance with applicable rules and decisional law. Furthermore, it is not clear that the record, as reconstructed, is

adequate for appellate review; the court is directed to determine any discrepancies in the reconstructed record.

This Court is unable to conduct effective appellate review in light of the PCRA court's determination that many of appellant's claims were waived or previously litigated without any recognition for this Court's developing case law in the years between the filing of the PCRA petition in 1998 and the opinion in support of dismissal nine years later. Many of the issues were dismissed for pleading deficiencies, which should have been resolved by the PCRA court within the notice of intent to dismiss process. *See* Pa.R.Crim.P. 905(B), 907(1), and 909(B)(2); *Commonwealth v. Williams*, 566 Pa. 553, 782 A.2d 517 (2001). This failure on the part of the PCRA court has left this Court without any reasoned expression on the merits of those claims to assist us in our appellate review.

Specifically, the PCRA court determined that six of appellant's claims were waived because they were not contained in the pleadings. But, appellant contends that pleadings and affidavits were omitted from the reconstructed record, and it appears, at least in some instances, that the PCRA court erred in finding the claims waived on this basis. The PCRA court also determined that three claims were previously litigated even though appellant pled those claims in the guise of trial counsel ineffectiveness. The PCRA court failed to acknowledge this Court's decision in *Commonwealth v. Collins*, 585 Pa. 45, 888 A.2d 564 (2005), which made clear that claims of trial counsel ineffectiveness raise distinct Sixth Amendment claims, separate and apart from the underlying claims of trial court error; thus, prior litigation of a direct review claim does not necessarily preclude derivative claims of ineffectiveness. The PCRA court also addressed four claims on the merits, but found that certain sub-claims raised therein were waived because they were unsupported by proper documentation, *i.e.*, affidavits and/or declarations. Again, appellant disputes this determination, offering that the affidavits/declarations were included as exhibits to supplements that are not part of the reconstructed record. Furthermore, such pleading deficiencies (if there were any) were subject to the notice and

amendment procedure contemplated in the Rules enumerated above and in *Williams, supra.*

Additionally, on remand, the court is directed to determine whether current counsel from the Federal Community Defender's Office should continue to represent appellant in this state capital PCRA proceeding, or whether other appropriate post-conviction counsel should be appointed, as there is no federal court order authorizing current counsel's involvement in these state court collateral proceedings. *See* 18 U.S.C. § 3599(a)(2) (authorizing appointment of counsel to indigent state defendants actively pursuing federal *habeas corpus* relief from death sentence).

We recognize that the judge who presided over the 1992 jury trial and the PCRA petition is no longer sitting on the Court of Common Pleas of Philadelphia County. Accordingly, the President Judge of the Court of Common Pleas of Philadelphia County is directed to assign this case for disposition within thirty days of disposition. The assigned judge is directed to provide this Court with a status report within ninety days of assignment, and then every thirty days thereafter.

Jurisdiction relinquished.

Justice TODD, consistent with her dissent to the Court's prior Order in this matter dated January 4, 2012, dissents from that portion of this Order directing that the PCRA court decide whether current counsel is lawfully representing appellant or whether other counsel should be appointed.