J-S57005-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDWIN APONTE, | : | |
| | : | |
| Appellant | : | No. 1849 EDA 2013 |

Appeal from the PCRA Order June 3, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0009701-2007

BEFORE:  DONOHUE, MUNDY and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:              **FILED OCTOBER 06, 2014**

Edwin Aponte[1] appeals *pro se* from the June 3, 2013 order entered by the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"), and granting counsel leave to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).  We affirm.

The facts of the case, summarized by the PCRA court, are as follows:

> On August 17, 2006, [Aponte] shot and killed Marquis Ward near C and Ruscomb Streets in Philadelphia. At approximately 3:30 pm, Marquis Ward, the decedent, was driving his car with his girlfriend, Sheena Geiger, and saw [Aponte]. The decedent exited his car and began to converse with

---

[1]  Aponte indicates in his brief that his name is **Edwin** Aponte.  We note, however, that the trial court record and the memorandum disposing of his direct appeal before this Court both refer to Aponte as **Edward** Aponte.

> [Aponte]. The confrontation escalated into a fistfight. They were separated numerous times but continued to fight. When the fight was finally over, [Aponte] was bleeding and was clearly the loser. After they separated a final time, [Aponte] pulled out a gun and fired multiple times at the decedent. Ms. Geiger testified that, 'it was a lot of shots. [Aponte] shot— he just pulled the clip until he couldn't pull it no more.' The victim died as a result of the gunshots.

PCRA Court Opinion, 3/21/14, at 2 (record citation omitted).

A jury convicted Aponte of first-degree murder and possessing an instrument of crime on November 4, 2008.[2] The trial court sentenced Aponte on January 12, 2009 to life in prison without parole for murder and to a concurrent term of one to two years of incarceration for possessing an instrument of crime. Following the denial of post-sentence motions, Aponte appealed his convictions. This Court affirmed his judgment of sentence on October 26, 2010. The Pennsylvania Supreme Court denied his request for allowance of appeal on April 13, 2011.

Aponte filed a timely *pro se* PCRA petition on June 30, 2011, raising two issues – (1) a violation of his Sixth Amendment right to a trial by an impartial jury based on the trial court's denial of counsel's request for a mistrial after Aponte's brother made a comment to a juror in the hallway and (2) ineffective assistance of direct appeal counsel for failing to raise a Sixth Amendment violation of his right to confrontation on appeal, as the officer who testified did not prepare the police report testified to. The PCRA

---

[2] 18 Pa.C.S.A. §§ 2502(a), 907.

court appointed counsel, who filed a **Turner/Finley** "no merit" letter and requested to withdraw as counsel on June 28, 2012. The PCRA court filed notice of its intention to dismiss Aponte's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 notice").[3] On August 6, 2012, Aponte filed a *pro se* response, raising two additional issues for the PCRA court's review – (1) ineffective assistance of trial counsel for failing to seek a curative instruction after the trial court denied his request for a mistrial on the jury issue listed above and (2) ineffective assistance of trial and direct appeal counsel for failing to raise a **Brady**[4] claim regarding an agreement between the Commonwealth and an incarcerated eyewitness who testified against Aponte at trial. On October 26, 2012, PCRA counsel filed an amended **Turner/Finley** "no merit" letter addressing the two additional issues raised.

On June 3, 2013, after reviewing Aponte's submissions, both **Turner/Finley** "no merit" letters filed by PCRA counsel, and conducting an independent review of the record, the PCRA court dismissed Aponte's PCRA petition without a hearing and granted counsel permission to withdraw.

---

[3] The Rule 907 notice does not appear on the docket of the certified record on appeal, nor is the document itself contained in the record. Aponte does not contest that the PCRA court issued the Rule 907 notice in this case, and his response thereto does appear in the certified record. Therefore, the absence of the Rule 907 notice does not hamper our review.

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).

Aponte filed a timely *pro se* notice of appeal, followed by a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). He raises four issues for our review:

I. Is [Aponte] entitled to a new trial as the result of [i]neffective [a]ssistance of [c]ounsel for failure to raise a 6th Amendment [v]iolation when [an] officer gave testimony to a report he did not prepare which denied [Aponte] [the] right to confront his accuser?

II. Is [Aponte] entitled to a new trial as the result of [i]neffective [a]ssistance of [c]ounsel when trial counsel failed to ask for a curative instruction [to] be given to the jury after the [c]ourt denied counsel's request for a mistrial?

III. Is [Aponte] entitled to a new trial as the result of a layered claim of [i]neffectiveness when both trial and appellate counsel failed to raise a Brady [v]iolation when [the] Commonwealth['] s witness received lienecy [*sic*] for his cooperation?

IV. Is [Aponte] entitled to a new trial when 'PCRA' counsel filed a defective Finley letter and he did not list all issues [Aponte] asked him to raise possibly waiving [Aponte]'s meritorious claim?

Aponte's Brief at 3.

Our standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa. Super. 2014). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.***

Each of the issues raised by Aponte on appeal present a claim of ineffective assistance of counsel. It is well-settled law that we presume counsel provided effective assistance. *Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012).

> To establish ineffectiveness, a petitioner must plead and prove the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. Counsel's actions will not be found to have lacked a reasonable basis unless the petitioner establishes that an alternative not chosen by counsel offered a potential for success substantially greater than the course actually pursued. Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different.

*Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012), *appeal denied,* 63 A.3d 773 (Pa. 2013) (citation omitted). "If a petitioner fails to prove any of these prongs, his claim fails." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013) (citation omitted).

As his first issue raised on appeal, Aponte asserts that trial counsel was ineffective for failing to object, on confrontation grounds, to Officer DeNofa's testimony about a report made gathering information about the perpetrator of the shooting, as Officer DeNofa's partner, not Officer DeNofa, prepared the report. Aponte's Brief at 7-8. Aponte asserts that this claim has arguable merit, as "this report was prepared in anticipation in the helping of this case," and he was not able to confront the person that

prepared the report and thus the jury was unable to assess the author's credibility. *Id.* at 8-9. Aponte further asserts that his claim has merit based upon the United States Supreme Court's decision in ***Bullcoming v. New Mexico***, __ U.S. __, 131 S.Ct. 2705 (2011).[5] Aponte's Brief at 9-10. Aponte further states: "Petitioner also shows prejudice because as stated before, [the] officer testified to getting descriptions of two offenders, also to gathering name[s] of witnesses and their statements." *Id.* at 7. He makes no statement regarding whether counsel had a reasonable basis for failing to object to Officer DeNofa's testimony on this basis.

The PCRA court found that this issue was without merit, as Officer DeNofa testified that although he did not physically prepare the report in question, "it was filled out in his presence, he was at the scene and was involved in the initial investigation of the murder." Trial Court Opinion, 3/21/14, at 6. The court also found that Aponte "failed to state how he was prejudiced by Officer DeNofa's testimony." *Id.*

Although Aponte's failure to include any statement regarding a lack of reasonable basis for counsel's actions is fatal to his claim of ineffectiveness,

---

[5] In ***Bullcoming***, the United States Supreme Court held that the Confrontation Clause does not allow the prosecution to introduce a forensic laboratory report, which included a testimonial certification, created to prove a fact at a criminal trial, through the testimony of a forensic analyst who did not perform or observe the test being performed nor signed the certification; the Confrontation Clause entitles the defendant to have the analyst testify that made the certification, unless the analyst is unavailable and the defendant had an opportunity prior to trial to cross-examine that analyst. ***Bullcoming***, 131 S. Ct. at 2713-17.

***Simpson***, 66 A.3d at 260, we also conclude that he failed to establish that he was prejudiced by counsel's failure to object to Officer DeNofa's testimony. The report in question is entitled "Complaint or Incident Report," and is referred to at trial as a "75-48." N.T., 10/30/08, at 13; Commonwealth's Exhibit C-16. It includes general information, including the location of the alleged crime, the date of its occurrence, and a description of the incident – here, the shooting of the victim. Commonwealth's Exhibit C-16. It also included a general description of two possible suspects: "#1 6'00"[,] 150[,] med. compl.[,] clean shaven[,] white t-shirt, dark shorts[.] Def #2 5'8"-6'0"[,] clean shaven, lt. compl.[,] white t-shirt, blue shorts." ***Id.*** Though Aponte claims that the description of the potential suspects was prejudicial, the record reflects that Aponte testified at trial and admitted that he shot the victim, claiming that he did so because he believed he saw the victim reaching for a gun, and Aponte grabbed the gun from the victim's waistband and shot him instead. N.T., 11/3/08, at 41-42. As Aponte admitted that he was the person that shot the victim, Officer DeNofa's testimony regarding a description of the shooter was not prejudicial. Therefore, counsel cannot be deemed to have provided ineffective assistance on this basis.

Next, Aponte argues that trial counsel provided ineffective assistance because he failed to request a curative instruction after the trial court denied his request for a mistrial based upon Aponte's brother saying "not guilty" to

a juror he passed in the hallway. Aponte's Brief at 10-14. The PCRA court found that because Aponte raised the issue of trial court error for failing to grant the requested mistrial, this issue had been previously litigated. PCRA Court Opinion, 3/21/14, at 7. It further found the issue to be meritless based upon this Court's conclusions on direct appeal that the communication by Aponte's brother to the juror was not prejudicial and did not deny him a fair and impartial jury. **Id.**

We disagree with the PCRA court's conclusion that the issue of counsel's ineffectiveness for failing to request a curative instruction following the denial of his request for a mistrial was previously litigated. Although Aponte raised on direct appeal the issue of trial court error for failing to grant a mistrial, the law is clear that "claims of trial counsel ineffectiveness raise distinct Sixth Amendment claims, separate and apart from the underlying claims of trial court error; thus, prior litigation of a direct review claim does not necessarily preclude derivative claims of ineffectiveness." **Commonwealth v. Johnson**, 64 A.3d 622, 623 (Pa. 2013) (citation omitted).

We agree with the PCRA court, however, that this Court's resolution of the issue surrounding the trial court's denial of a mistrial raised on direct appeal precludes a finding of counsel's ineffectiveness for failing to request a curative instruction. In determining that the trial court did not err by denying the request for a mistrial, we stated:

> In the present case, after the remark by [Aponte]'s brother came to light, the trial court individually polled each juror, including the alternatives, and ascertained that the statement would not affect their ability to be a fair juror. N.T. Trial (Jury) Vol. 1, 10/30/08, at 236-73. We note that 'in reviewing a trial court's findings as to whether prejudicial communications [to a jury] have occurred, an appellate court is limited to a determination of whether the trial court's findings are supported by the record.' **Commonwealth v. Syre**, 518 A.2d 535, 536 (Pa. 1986). Since the record substantiates the trial court's ruling that the communication by [Aponte]'s brother was not prejudicial to [Aponte] and, commensurately, that the alleged prejudicial event cannot reasonably be said to have deprived [Aponte] of a fair and impartial jury, we cannot conclude that the trial court abused its discretion in refusing to grant a mistrial based on the comment.

**Commonwealth v. Aponte**, 1865 EDA 2009, 12 (Pa. Super. October 26, 2010) (unpublished memorandum). We are bound by the prior court's determination that the statement Aponte's brother made to the jury was not prejudicial pursuant to the law of the case doctrine. This doctrine, defined by our Supreme Court, provides, in relevant part: "upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court[.]" **Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995).

As this Court previously concluded that the statement made to the juror by Aponte's brother was not prejudicial, we cannot now find that he

was prejudiced by counsel's failure to request a curative instruction. Therefore, no relief is due.

In his third issue on appeal, Aponte raises a layered ineffectiveness claim, asserting that both trial and appellate counsel were ineffective for failing to raise a **Brady** violation based upon the Commonwealth's failure to inform Aponte that one of its testifying eyewitnesses, Emmanuel Ramos ("Ramos"), was incarcerated and promised leniency on an unrelated criminal case pending in another county in return for his testimony. Aponte's Brief at 14-17. The PCRA court found this issue to be meritless because the record reflects that there was no promise of leniency in exchange for Ramos' testimony, only that the Commonwealth would make his cooperation known to the judge hearing his case. PCRA Court Opinion, 3/21/14, at 8. Furthermore, the PCRA court states that Aponte does not allege, and the record does not support a finding, that trial counsel was unaware of the Commonwealth's promise to Ramos. **Id.**

In **Brady v. Maryland**, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." **Brady**, 373 U.S. at 87. This holding has been adopted by our Supreme Court, which set forth the standards for establishing a **Brady** violation as follows: "[A] defendant must show that: (1) the evidence was

suppressed by the state, either willfully or inadvertently; (2) the evidence at issue is favorable to the defendant; and (3) the evidence was material, meaning that prejudice must have ensued." ***Commonwealth v. McGill***, 574 Pa. 574, 583, 832 A.2d 1014, 1019 (2003) (citations omitted).

The record reflects that when the Commonwealth called Ramos to testify, the first questions the prosecutor asked him surrounded his incarceration in Montgomery County for pending criminal charges and the Commonwealth's offer to make his cooperation in the case at bar known to the judge hearing his pending case. N.T., 10/29/08, at 192-93. Ramos agreed and testified that there were no deals or promises made in return for his testimony. ***Id.*** at 193. At the conclusion of his direct testimony, counsel for Aponte cross-examined Ramos extensively about his incarceration in Montgomery County and the nature of the Commonwealth's promise. ***Id.*** at 216, 218-19. Trial counsel further questioned Ramos about an outstanding warrant for his arrest in Philadelphia County, a recent probation violation, and his criminal history, including an adjudication of delinquency in 2000. ***Id.*** at 216-18, 220-21.

Thus, as the PCRA court found, the record does not support a finding that the Commonwealth failed to disclose to trial counsel that Ramos was incarcerated or the nature of its offer in exchange for Ramos' testimony. Even if the Commonwealth withheld that information prior to trial, we cannot say that any prejudice ensued, as counsel thoroughly and extensively cross-

examined Ramos on this issue, bringing it before the jury for its consideration. In short, there is no support in the record that a ***Brady*** violation occurred, rendering Aponte's claim meritless. Thus, neither trial nor appellate counsel can be found to have rendered ineffective assistance on this basis.

In his final issue, Aponte contends that PCRA counsel was ineffective for filing a "defective Finley letter," as he did not raise an issue that Aponte wished to present to the PCRA court. Aponte's Brief at 17. The PCRA court found that PCRA counsel complied with the dictates of ***Finley*** and that this issue is meritless. PCRA Court Opinion, 3/21/14, at 8-9.

Counsel seeking to withdraw from PCRA representation must: (1) file a "no merit" letter detailing the nature and extent of his/her review, (2) list each issue the petitioner wishes to have reviewed in said letter, and (3) explain why these issues are meritless, whereupon the PCRA court will conduct an independent review of the record and decide whether the petition is meritless. ***Turner***, 518 Pa. at 494-95, 544 A.2d at 928; ***Finley***, 550 A.2d at 215. Counsel is also required to send to the petitioner: (1) a copy of the "no merit" letter or brief, (2) a copy of counsel's petition to withdraw, and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. ***See Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011).

Our review of the record reveals no indication that the issue included in his brief on appeal – that trial counsel was ineffective for withdrawing a motion to suppress an out-of-court identification by Sheena Geiger – was ever presented to PCRA counsel by Aponte. The record reflects that Aponte authored a letter to PCRA counsel requesting that he raise the **_Brady_** claim, which counsel addressed in his second **_Turner/Finley_** "no merit" letter. **_See_** Petitioner's Reply to Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 8/6/12, at Exhibit A; Response to Petitioner's Reply to 907 Notice, 8/26/12, at 1-2. Aponte does not state in his brief on appeal when, if ever, he requested that PCRA counsel raise this issue. **_See_** Aponte's Brief at 17-20.

The record reveals that counsel complied with these requirements and addressed each issue that Aponte raised. As there is no indication in the record that Aponte requested that counsel address this issue, we have no basis to find PCRA counsel's **_Turner/Finley_** "no merit" letter defective or that he provided ineffective assistance.

Furthermore, Aponte never raised the underlying issue of trial counsel's ineffectiveness for withdrawing the motion to suppress. It is axiomatic that issues not presented before the PCRA court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Thus, the underlying issue is not subject to this Court's review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014