J-A28012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARQUICE DUPREE EVANS | : | |
| | : | |
| Appellant | : | No. 1865 WDA 2019 |

Appeal from the PCRA Order Entered November 19, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000819-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARQUICE DUPREE EVANS | : | |
| | : | |
| Appellant | : | No. 1866 WDA 2019 |

Appeal from the PCRA Order Entered November 19, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002901-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARQUICE DUPREE EVANS | : | |
| | : | |
| Appellant | : | No. 1867 WDA 2019 |

Appeal from the PCRA Order Entered November 19, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000818-2010

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

J-A28012-20

MEMORANDUM BY OLSON, J.:                    **FILED: MARCH 8, 2021**

In this consolidated appeal,[1] Appellant, Marquice Dupree Evans, appeals from the November 19, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[2] We vacate the order and remand the case with instructions.

The record demonstrates that at docket number CP-25-CR-0002901-2015 ("CR 2901"), a jury convicted Appellant, on September 28, 2016, of conspiracy to commit criminal homicide, criminal homicide (first-degree murder), aggravated assault, burglary, recklessly

_____

[1] In a February 3, 2020 *per curiam* order, this Court consolidated Appellant's appeals *sua sponte*.

[2] A review of the notices of appeal demonstrates that each notice contained all three trial court docket numbers to which the dismissal order pertained. Counsel for Appellant, in filing a separate notice of appeal at each docket number, placed a check-mark next to the docket number that corresponded with that filing and signed each notice of appeal (in other words, the notices of appeal were not photocopies of an original with check-marks placed at different docket numbers). An *en banc* panel of this Court in *Commonwealth v. Johnson, J.* held that if an appellant files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal] contained [more than one trial court docket number] is of no consequence." *Johnson*, 236 A.3d 1141, 1148 (Pa. Super. 2020), *appeal denied*, 242 A.3d 304 (Pa. 2020). The *Johnson* Court overruled, explicitly, the majority decision of a three-judge-panel in *Commonwealth v. Creese*, 216 A.3d 1142 (Pa. Super. 2019) (Strassburger, J. dissenting) that held a notice of appeal was permitted to contain only one docket number. *Johnson*, 236 A.3d at 1148. We, therefore, find that Appellant complied with the mandates of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), requiring a separate notice of appeal to be filed at each trial court docket, and Pennsylvania Rule of Appellate Procedure 341.

- 2 -

endangering another person, access device fraud, unlawful restraint, and possession of an instrument of crime in connection with the brutal killing of the victim.[3]  On November 10, 2016, the trial court sentenced Appellant to life imprisonment without parole for criminal homicide and imposed an aggregate, consecutive sentence of 38½ to 77 years' incarceration for the remaining, aforementioned convictions.[4]  Appellant filed a timely post-sentence motion, which the trial court granted, in part, as to his request to modify his sentence, and denied, in part, as to the remaining requests for relief.  On November 18, 2016, the trial court resentenced Appellant at CR 2901 to life imprisonment without parole for criminal homicide and imposed an aggregate, consecutive

_____

[3]  18  Pa.C.S.A.  §§ 903,  2501(a),  2702(a)(1),  3502(a)(1),  2705, 4106(a)(1)(ii), 2902(a)(1), and 907(a), respectively.

[4] At docket number CP-25-CR-0000818-2010 ("CR 818"), Appellant previously pleaded guilty to one count of flight to avoid apprehension, 18 Pa.C.S.A. § 5126(a), on July 6, 2010.  Appellant was sentenced to 11½ to 23 months' incarceration followed by 60 months' probation.

At docket number CP-25-CR-0000819-2010 ("CR 819"), Appellant previously pleaded guilty to one count of aggravated assault, 18 Pa.C.S.A. § 2702(a)(4), on July 6, 2010.  Appellant was sentenced to 9 to 18 months' incarceration followed by 36 months' probation.  This sentence ran concurrent to the sentence imposed at CR 818.

As a consequence of Appellant's conviction at CR 2901, the trial court revoked Appellant's probation at CR 818 and CR 819 on November 10, 2016.  The trial court resentenced Appellant to 3½ to 7 years' incarceration, with credit for time served of 492 days at CR 818 and to 5 to 10 years' incarceration at CR 819.  The sentence imposed at CR 819 ran consecutively to the sentence imposed at CR 818.  Appellant's sentence of life imprisonment together with his aggregate, consecutive term-of-years' sentence imposed at CR 2901 ran consecutively to the sentences imposed at CR 818 and CR 819.

sentence of 25 years and 8 months' to 51 years and 2½ months' incarceration for the remaining, aforementioned convictions. Appellant's revocation sentences at CR 818 and CR 819 remained the same.

This Court affirmed Appellant's judgment of sentence on February 26, 2018, and our Supreme Court denied Appellant's petition for allowance of appeal on September 5, 2018. Appellant's judgment of sentence, therefore, became final on December 4, 2018, upon the expiration of time in which to file a petition for a *writ* of *certiorari* with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9543(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also* U.S. Sup. Ct. R. 13(1) (stating, "[a] petition for a *writ* of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk [of the United States Supreme Court] within 90 days after entry of the order denying discretionary review").

On January 2, 2019, Appellant filed *pro se* a PCRA petition, his first. The PCRA court appointed counsel to represent Appellant. Appellant filed an amended PCRA petition on October 21, 2019, asserting, *inter alia*, claims that trial counsel was ineffective for his failure to challenge the legality of Appellant's arrest and for his failure to seek suppression of evidence obtained as a result of Appellant's alleged illegal arrest. *See* Amended PCRA Petition,

10/21/19, at ¶7(b)(i).  On October 30, 2019, the PCRA court provided Appellant notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss Appellant's petition without a hearing on the grounds, *inter alia*, that Appellant's "claims have been previously litigated and addressed in the [trial court o]pinions filed March 10, 2017, and August 3, 2017."  Appellant filed objections, on November 19, 2019, to the PCRA court's notice of intent to dismiss the petition without a hearing.  On November 19, 2019, the PCRA court dismissed Appellant's PCRA petition.  This appeal followed.[5]

Appellant raises the following issues for our review:

1.    Were Appellant's claims previously litigated?

2.    Was trial counsel ineffective for failing to seek [the] suppress[ion of] evidence obtained as a result of [Appellant's] illegal arrest[?]

Appellant's Brief at 6.[6]

Appellant's first issue challenges the PCRA court's dismissal of his petition on the grounds that the issues raised, therein, were previously litigated and Appellant, therefore, was not entitled to relief.  Appellant's Brief at 24-26.

---

[5] Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The PCRA court subsequently filed its Rule 1925(a) opinion.

[6] Appellant presented a third issue alleging that direct appeal counsel was ineffective for failing to challenge the sufficiency of the evidence on direct appeal.  This issue, however, has been withdrawn.  Appellant's Brief at 6 and n.1.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

A petitioner is eligible for post-collateral relief if the petitioner has pleaded and proven by a preponderance of the evidence that, *inter alia*, "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(3). Regarding whether the alleged error has been previously litigated or waived, Section 9544 of the PCRA states,

### § 9544. Previous litigation and waiver

**(a) Previous litigation.**--For purposes of this subchapter, an issue has been previously litigated if:

(1) Deleted.

(2) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or

(3) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.

**(b) Issues waived.**--For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state post[-]conviction proceeding.

42 Pa.C.S.A. § 9544.

Here, Appellant contends that the PCRA court erred in determining that his claims of ineffective assistance of trial counsel were previously litigated. Appellant's Brief at 24-25. Appellant concedes that neither trial counsel nor direct-appeal counsel litigated the underlying issues raised in his ineffectiveness claim, namely the legality of his arrest and the failure to seek suppression of evidence obtained therefrom. *Id.* at 25. Appellant acknowledges that the failure to raise these underlying issues at trial or on direct appeal constitutes waiver of the issues. *Id.* at 25. Appellant asserts, however, that the underlying issues are reviewable when couched within a claim of ineffective assistance of counsel. *Id.* We agree.

The PCRA court found that Appellant's ineffectiveness claims were previously litigated and addressed by the trial court's March 10, 2017 and August 3, 2017 opinions. *See* PCRA Court Opinion, 1/14/20; *see also* PCRA Court Rule 907 Notice, 10/30/19. A review of the trial court's March 10, 2017 opinion reveals that the trial court addressed the issues of (1) whether "the trial court erred and/or abused its discretion when it admitted the text

messages between [Appellant] and his co-defendant" into evidence[7] and (2) whether the Commonwealth failed to present sufficient evidence to support Appellant's conviction of the aforementioned crimes. *See* Trial Court Opinion, 3/10/17, at 63. In its August 3, 2017 opinion, the trial court addressed the additional issue of whether the trial "court erred in allowing the Commonwealth to present the text messages between Appellant and [his] co-defendant [] because they were not properly authenticated." *See* Trial Court Opinion, 8/3/19, at 51. On direct appeal, this Court affirmed Appellant's judgment of sentence upon finding that his issue of "whether the trial court erred and/or abused its discretion in denying [Appellant's] motion *in limine* seeking to limit and/or suppress the statements of the co-defendant and the text messages[,]" was without merit. *Commonwealth v. Evans*, 185 A.3d 1146 (Pa. Super. 2018) (unpublished memorandum).

Based upon our review of the record, we discern that the trial court erred, as a matter of law, in concluding that the underlying issues raised in the context of Appellant's ineffective assistance of counsel claims, namely whether his arrest was illegal and whether the evidence obtained as a result of his alleged illegal arrest should have been suppressed, were previously litigated. *See* 42 Pa.C.S.A. § 9544(a)(2) (stating, an issue has been previously litigated if "the highest appellate court in which the petitioner could

---

[7] Due to the nature of the evidence the Commonwealth sought to present at trial, Appellant and his co-defendant were tried separately. Trial Court Order, 9/7/16.

have had review as a matter of right has ruled on the merits of the issue"). This Court, as the highest appellate court in which Appellant had the right to review, did not rule on the merits of the underlying issues raised in Appellant's instant PCRA petition. Rather, this Court previously addressed the merits of Appellant's claims that the admission of the text messages at trial violated Appellant's constitutional rights under the Confrontational Clause in accordance with the United States Supreme Court's decision in ***Bruton v. United States***, 391 U.S. 123 (1968), whether the Commonwealth properly authenticated the text messages prior to their admission at trial, and whether the trial court erred in admitting statements made by Appellant's co-defendant pursuant to Pennsylvania Rule of Evidence 803(25)(E).[8] Ultimately, this Court found Appellant's issues to be without merit. This Court did not previously address the merits of whether Appellant was the subject of an illegal arrest and whether evidence obtained as a result of that arrest should have been suppressed. Therefore, the underlying issues raised within Appellant's ineffective assistance of trial counsel claims were not previously litigated.

Appellant waived the underlying issues, however, because he failed to raise these issues before trial, at trial, or on direct appeal. 42 Pa.C.S.A. § 9544(b). Nonetheless, our analysis does not end with the determination

---

[8] Pennsylvania Rule of Evidence 803(25)(E) states that the rule against hearsay shall not exclude a statement made by a party's co-conspirator during and in furtherance of the conspiracy from being offered against the opposing party. Pa.R.E. 803(25)(E).

that Appellant's underlying issues were waived. A previously waived claim is reviewable under the PCRA when couched in terms of a claim asserting that counsel was ineffective. *See Commonwealth v. Jones*, 912 A.2d 268, 277 n.10 (Pa. 2006) Here, Appellant raised the underlying waived issues within a claim of ineffective assistance of trial counsel. Therefore, we proceed to review Appellant's ineffective assistance of counsel claims. *Id.*

> To warrant relief based on a claim of ineffective assistance of counsel, a [petitioner] must show that such ineffectiveness "in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.[A.] § 9543(a)(2)(ii). We have interpreted this standard to require a petitioner to prove that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused appellant prejudice. Counsel will not be deemed ineffective for failing to raise a meritless claim.

*Jones*, 912 A.2d at 278 (some citations omitted).

In his amended PCRA petition, Appellant asserted that trial counsel was ineffective

> [1.] for failing to challenge [Appellant's] arrest, which [Appellant] asserts was [] illegal as the complaint did not have an affidavit of probable cause[.]
>
> [2. for] failing to seek to suppress evidence obtained by the illegal arrest, specifically all statements made by [Appellant] during his interview with police and all physical evidence obtained from his person, including but not limited to,:
>
> > [a] stating [co-defendant] was pregnant with his child.
> >
> > [b] his DNA.

- 10 -

[3.]    for failing to seek forensic [testing], including DNA testing, of evidence found at the scene, specifically the partial roll of duct tape with bloody fingerprints.

Appellant's Amended PCRA Petition, 10/21/19, at unnumbered page 3 (formatting modified, extraneous capitalization omitted). Appellant requested an evidentiary hearing in order to, *inter alia*, present the testimony of trial counsel in support of his claim of ineffective assistance of counsel. **Id.** at unnumbered page 4.

Initially, we must examine whether the record is sufficient to permit effective appellate review of Appellant's ineffective assistance claims, given the PCRA court's erroneous determination that Appellant's claims were previously litigated. **See Commonwealth v. Johnson**, 64 A.3d 622, 623 (Pa. 2011) (stating, remand is required when an appellate court is unable to conduct an effective review based upon the PCRA court's erroneous determination that the claims were waived or previously litigated and its failure, as a result of its erroneous determinations, to develop a sufficient record).

Appellant asserts that he was arrested in connection with the criminal homicide in July 2015, before a complaint was filed against him and a warrant was issued for his arrest. Appellant's Brief at 27. Appellant contends that his arrest violated Pennsylvania Rule of Criminal Procedure 519, because he was

not properly taken before an issuing authority for a preliminary arraignment.[9]

*Id.* Appellant further contends that his arrest violated 42 Pa.C.S.A. §§ 9161-9165 (relating to inter-county detention)[10] and 42 Pa.C.S.A. § 8952,[11] because the arresting officer performed the arrest outside his primary jurisdiction. *Id.*

---

[9] Pennsylvania Rule of Criminal Procedure 519 states, in pertinent part, that "when a defendant has been arrested without a warrant in a court case, a complaint shall be filed against the defendant and the defendant shall be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay." Pa.R.Crim.P. 519(A)(1). The requirement "without unnecessary delay" has been defined as requiring a defendant to be arraigned within six hours in order to avoid the "inherently coercive nature of prolonged custodial interrogation." *Commonwealth v. Marinelli*, 690 A.2d 203, 214 (Pa. 1997), *cert. denied*, 523 U.S. 1024 (1998).

[10] Section 9162 of the Pennsylvania Judicial Code states,

> The arrest of a person may be lawfully made by any peace officer or a private person without a warrant upon reasonable information that the accused stands charged in the courts of another county of this Commonwealth with a crime punishable by death or imprisonment for a term exceeding one year, but, when so arrested, the accused must be taken before a judge or issuing authority with all practicable speed, and complaint must be made against him under oath setting forth the ground for the arrest as in section 9161 (relating to arrest prior to requisition), and, thereafter, his answer shall be heard as if he had been arrested on a warrant.

42 Pa.C.S.A. § 9162.

[11] Section 8952 of the Pennsylvania Judicial Code states,

> Any duly employed municipal police officer shall have the power and authority to enforce the laws of this Commonwealth or

- 12 -

The Commonwealth argues that Appellant's ineffectiveness claims, including the underlying issues of the legality of his arrest, are premised on the arresting officer's trial testimony that Appellant was arrested on July 15, 2015 in Butler County, Pennsylvania, in relation to the aforementioned crimes.[12]  Commonwealth's Brief at 6.  The Commonwealth argues that

_____

> otherwise perform the functions of that office anywhere within his primary jurisdiction as to:
>
> > (1) Any offense which the officer views or otherwise has probable cause to believe was committed within his jurisdiction.
> >
> > (2) Any other event that occurs within his primary jurisdiction and which reasonably requires action on the part of the police in order to preserve, protect or defend persons or property or to otherwise maintain the peace and dignity of this Commonwealth.

42 Pa.C.S.A. § 8952.

[12] At trial, the following exchange between the Commonwealth and the arresting officer occurred with regard to Appellant's arrest:

| [Commonwealth:] | Obviously, [Appellant] has been charged with homicide in this case.  When was [Appellant] arrested on these charges? |
|---|---|
| [Officer:] | I apologize.  I believe it was the 15th. |
| [Commonwealth:] | Of July? |
| [Officer:] | Yes. |
| [Commonwealth:] | And regardless, it was sometime mid[-]July? |
| [Officer:] | Yes. |
| [Commonwealth:] | And where was [Appellant] arrested? |

because Appellant's ineffectiveness claims relate to pre-trial matters, only "the information available to [trial counsel] prior to trial is relevant." *Id.* The Commonwealth asserts,

> According to these reports, which [trial counsel] had as counsel of record, Appellant was arrested on July 7, 2015 by [United States] Marshalls in Butler County, [Pennsylvania] due to warrants in relation to another case. *See* Exhibit 1, July 13, 2015 Search Warrant. Specifically, on June 19, 2015, the Honorable Judge Shad Connelly issued a bench warrant for Appellant's failure to appear for formal arraignment on June 4, 2015[,] related to Docket Number 874 of 2015. *See* Exhibit 2. According to that bench warrant, the [bench] warrant was served on July 8, 2015. As the [bench] warrant [was] issued by [the Court of Common Pleas of] Erie County, Appellant was transferred [to Erie County].
>
> While Appellant was a murder suspect at this time and [the arresting officer] and other members of [the Erie Police Department] were actively looking for him, he was not arrested nor was he brought to Erie, [Pennsylvania] in connection with that investigation. Rather it was this outstanding [bench] warrant that resulted in his arrest and subsequent transfer. On July 14, 2015, only once Appellant was brought from Butler[ County], [Pennsylvania,] to [the] Erie County prison due to that [bench] warrant, did [the arresting officer] request prison officials bring

---

| [Officer:] | He was picked up in Butler, Pennsylvania approximately two weeks after the homicide. |
| [Commonwealth:] | And was he then transported to Erie County[, Pennsylvania]? |
| [Officer:] | Yes. |

N.T., 9/27/16, at 123-124.

- 14 -

Appellant to the Erie Police Department so that he could be interviewed.

While Appellant was in custody at that time, he was not arrested or in custody related to [the victim's] murder. As such, Appellant's claims are meritless.

*Id.* at 6-7 (extraneous capitalization omitted).[13]

The record demonstrates that on August 19, 2015, a criminal complaint was filed at CR 2901 against Appellant, wherein, *inter alia*, a request was made that a warrant for his arrest be issued. The issuance of an arrest warrant does not appear in the record. Appellant was arraigned in the case *sub* judice on November 6, 2015. Based upon the criminal complaint and the request for issuance of an arrest warrant, it appears that Appellant was not arrested in connection with the aforementioned crimes as of August 19, 2015. This assumption, however, is contrary to the arresting officer's trial testimony, in which the arresting officer stated Appellant was arrested in connection with the aforementioned crimes on July 15, 2015.

Based upon the current record before us, we are unable to discern the exact circumstances of Appellant's arrest for purposes of reviewing his claims of ineffectiveness of counsel. Furthermore, because the PCRA court erred in determining that Appellant's issues were previously litigated, the PCRA court's four-sentence Rule 1925(a) opinion has left this Court without any expression

---

[13] The exhibits referenced in the Commonwealth's brief were not attached to the brief or contained in a reproduced record and it is unclear where in the certified record these exhibits may be found.

by the PCRA court of its reasons for dismissing Appellant's collateral claims. Consequently, we are constrained to vacate the November 19, 2019 order dismissing Appellant's PCRA petition without a hearing and remand the case to the PCRA court. On remand, the PCRA court is instructed to review and dispose of the petition in light of our decision, including conducting an evidentiary hearing, if necessary, to address Appellant's claims challenging the effectiveness of trial counsel.[14]

Order vacated. Case remanded. Jurisdiction relinquished.

Judge Murray joins.

Judge McCaffery concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/8/2021

---

[14] The PCRA court is reminded of its obligation to provide at least a brief opinion of its reasons for denying, or granting, collateral relief pursuant to the ineffective assistance of counsel claims raised in Appellant's PCRA petition, and to cite specifically the place in the record where such reasons may be found. *See* Rule 1925 (a).